The Mayor of Brunswick *vs.* Lamb, sheriff, *et al.*

An order dismissing certain parts of a bill in equity is not such a final disposition of the cause as will entitle complainant to writ of error. The proper remedy is by exception *pendente lite.*

Practice in the Supreme Court. January Term, 1878.

Reported in the decision.

Mershon & Smith; R. K. Hines, for plaintiffs in error.

Goodyear & Harris, for defendants.

Warner, Chief Justice.

The complainants filed their bill against the defendants with a prayer for an injunction, on the allegations contained therein, to restrain them from filing a great number of suits against complainants, and thereby putting the city to great and unnecessary expense; and also to restrain the defendants, the creditors of said city, from collecting their demands by levy and sale of the pucblic property of said city in satisfaction thereof. The chancellor heard the application for injunction at chambers, on the 20th of April, 1877, and, after considering the same, granted the injunction prayed for only so far as to restrain the defendants from selling, or attempting to enforce any judg-

ment against any property held in trust by the complainants dedicated to public uses, and refused to restrain the defendants to any greater exent than specified in said order. This order of the chancellor was not excepted to, the legal effect of which was to continue the injunction granted by him until the final hearing of the cause, when, if the proofs should authorize it, a perpetual injunction might be decreed by the court. The cause being in that condition, it came on to be heard at the November term, 1877, of Glynn superior court, when the defendants made a motion to dismiss so much of the complainants' bill as was the foundation of their prayer for that part of the injunction which the chancellor refused to grant, on the ground that it contained no equity. The court sustained the motion, and dismissed such parts of the complainants' bill as were objected to for want of equity to support the injunction prayed for and refused by the chancellor, but retained the bill in court for a final hearing so far as the allegations contained therein were the foundation of the injunction granted by the chancellor at chambers, whereupon the complainants excepted, and brought up the case to this court by writ of error.

The dismissal of certain parts of complainants' bill was not a final disposition of the cause as to them; the cause still remained in court for a final hearing upon their allegations as to their right to have the injunction granted by the chancellor, made perpetual by a decree of the court; and that being so, the case was prematurely brought to this court, according to the provisions of the 4250th section of the Code. The complainants could have filed their exceptions to the decision of the court, and had the same entered of record, as provided by that section, if they had thought proper to have done so; but candor requires us to say that there is nothing in the allegations which were dismissed from the complainants' bill which would have authorized the granting of the injunction prayed for and refused by the chancellor in the first instance.

Let the writ of error be dismissed as having been prematurely brought to this court.