Beck, C. J.
This was an action of ejectment, brought by Nelson, the defendant in error, against Dusing, the plaintiff in error, to the March term, 1880, of the Court below, to recover possession of a quarter section of land. The last entry of record in said cause, at the March term, is in the following words:
“ And now, after the demurrer being overruled to defendant’s additional answer, comes the said plaintiff and files his replication to said answer, whereupon the said defendant asks for judgment on said replication and the papers in this cause. And now the Court being fully advised in the premises, finds that there is not sufficient matter alleged in said replication on which to found an action. Wherefore, it is considered, ordered and adjudged by the Court, that the said defendant have and recover of and from the said plaintiff, his costs and disbursements by him in this behalf laid out and expended, taxed at seven dollars and five cents, and that he have execution therefor.”
No further steps were taken in said cause until the December term, 1880, of said Court, when the plaintiff moved the Court to vacate the judgment for costs entered at the March term, and for a rehearing of the defendant’s motion for judgment upon the pleadings.
This motion was resisted by the defendant’s counsel, but the Court sustained the motion, vacated the judgment for costs, and granted a rehearing of the application for judgment upon the pleadings, to which rulings of the Court the defendant duly excepted.
Afterwards, on the rehearing, the motion for judgment on the pleadings, was overruled, and the cause, set down for trial before the Court, without a jury, by consent of parties. The finding and judgment were for the plaintiff.
The first error assigned, questions the power of the Court to vacate the judgment entered at the March term.
Two terms of Court had intervened after the entry of the so-called judgment, before the coming of the December term, at , which the subsequent proceedings were had. If, therefore, the order entered at the March term was in fact a final judgment in the cause, the Court had no power to set it aside, and to rehear and redetermine the issues after the lapse of two terms of Court. Freeman on Judgments, Secs. 90, 96.
*510 The Court below appears to have taken the view that the action taken at the March term did not constitute a final judgment, and was not a final disposition of the case. We are of opinion this view is correct. Pothier says: “A judgment to have the authority, or even the name of res judicata, must be a definite judgment of condemnation or dismissal.” Pothier Ob., part 4, Ch. 3, Sec. 3.
If the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final, it must end the particular suit in which it is entered.
It is said that a judgment “that the defendant go hence, and that he recover his costs,” etc., though not formal, is a good final judgment, because no further action can be taken while it remains in force, but that a judgment for costs alone is not final. Freeman on Judgments, Secs. 12, 16. See also Young v. Stonebraker et al., 33 Mo., 117; Adams v. Trigg, 35 Mo., 190.
As we said in Alvord v. McGaughey, 5 Colo., 244, “while a strict compliance with forms is not essential in the entry of judgments, yet to constitute a final judgment the record must not only indicate that an adjudication took place, but the entry must have been intended as the entry of a judgment.” This intention must be fairly deducible from the language employed in the entry. Thus tested, a final judgment will show in intelligible language a determination of the rights of the parties to the action, what relief had been granted, if any, or that the defendant has been dismissed without day. The supposed judgment in this case, not conforming to the above requirements, must be held to be interlocutory merely.
Looking now at the case as presented upon the merits, we find but little conflict in the facts as stated in the pleadings. The amended answer on one side, and the replication on the other side, assume to set out the facts concerning the origin and history of the plaintiff’s title. And since the record shows that testimony was produced on the trial in support of the allegations of the complaint and replication, (none of which has been preserved,) and the finding and judgment having been for the plaintiff, the presumption obtains that the allegations of fact on the part of the plaintiff were duly proven.
*511 Dusing, on the ninth of December, 1876, executed to one Oliver Graves, as trustee, a trust deed, upon the land in controversy, to secure the payment of a promissory note for the sum of thirteen hundred dollars, given by Dusing to one A. C. Butler, payable in two years, with interest thereon at the rate of one and one-half per centum per month. After maturity of the note, default having been made in the payment thereof, the premises having been duly advertised for sale, as required by the trust deed, they were, on the 24th day of November, 1879, offered at public sale by the trustee. There was then due upon the note about the sum of $1,800. The highest bid offered by an outsider, was the sum of $625. Thereupon the trustee bid, for the executors of the estate of said Butler, who was then deceased, by virtue of a power of attorney held by him for that purpose, the sum of $1,500, and that being the highest bid, the premises were struck off and sold to said executors for that sum.
A few days afterward, and before a deed was executed to the executors in pursuance of said sale, Nelson, the plaintiff, purchased the premises from the executors, through the said Graves, for the sum of $1,800, and by direction of the executors this entire sum was endorsed upon Dusing’s note, and a deed executed by said trustee directly to Nelson.
In the execution of this deed, then, consists the whole irregularity upon which the defense is based. That there is no equity in the defense, is apparent from the fact that the defendant realized an additional credit upon his note of $300, over and above the amount bid at the sale, by reason of the plaintiff’s purchase, and of the transfer of the title to him.
If the trustee had executed a deed to the executors, in pursuance of the public sale to them, crediting their bid, $1,500, upon defendant’s note, and the executors had then executed a deed to Nelson, retaining for the use of the Butler estate the additional $300 realized by the latter sale, there would exist nothing of the present defense except the point, that “the executors could not purchase at the trustee’s sale, even if present.”
As an unlimited proposition of law, this is not correct. That its observance would have operated greatly to the disadvantage of the defendant, in the present case, and of the Butler estate, as well, is manifest, when it is remembered that the highest *512 bid at the sale, aside from the hid of the executors, was the sum of $625.
Browne & Putnam, for plaintiff in error.
A. H. De Prance, for defendant in error.
By means of their purchase of the land the executors, secured for their estate, payment in full of its demand against the defendant, and saved for the defendant the sum of $1,175. The utmost good faith appears to have been exercised towards both debtor and creditor by the trustees referred to. Says Mr. Schouler, in his work upon Executors and Administrators, Sec. 358, “ The preponderance of American decisions tends rather to the conclusion that a purchase of assets by the executor or administrator, or his taking and accounting for the same at their appraised value, may often be really advantageous to the estate, and that such advantage is, after all, the main thing to be considered.”
And again, in section 323, he says: “Where it becomes, necessary to save the estate from loss, it is right and even obligatory for the executor or administrator to purchase or take possession of land on the foreclosure of a mortgage belonging to the estate, and hold the title for the benefit of the estate.”
The equities set up in the defendant’s answer constitute no defense to the action. The irregularities complained of all resulted to his advantage.
The trustee’s deed vested the legal title in the plaintiff; therefore the equitable defense failing, and there being no application for affirmative relief, judgment was, properly given for the plaintiff. Judgment affirmed.