HAGERMAN ET AL., APPELLANTS, v. MOORE, APPELLEE.

1. APPEAL—NONE FROM INTERLOCUTORY JUDGMENT.
An interlocutory judgment is not appealable.

2. JUDGMENT—WHEN INTERLOCUTORY.
An order or judgment which does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, is interlocutory and not final. To be final it must conclude the particular suit in which it is entered.

3. APPEAL DOES NOT LIE, WHEN.
The cause remaining undetermined in the court below as to the appellee's codefendants, there could be no final judgment with respect to him which would permit an appeal by the unsuccessful party prior to the determination of the entire suit. There can be but one judgment in an action from which an appeal may be taken.

4. APPEAL MAY BE DISMISSED WITHOUT PREJUDICE.
Since this appeal cannot be entertained it is dismissed, but without prejudice to the rights of the parties to raise the questions attempted to be presented by this record, should an appeal be hereafter taken from the final judgment in the case.

*Appeal from the District Court of Pitkin County.*

ON the 5th of August, 1884, a suit was commenced against Moore, Bracken and Daniel, by divers parties who claimed an interest in the subject-matter of the controversy stated in the complaint. The present appellants succeeded to the interest of the then plaintiffs in the suit, and the litigation is proceeding in their name. The abstract does not contain the complaint, but to make the case intelligible in some particu-

lars, reference was made to the one in the transcript. The suit was brought on a contract alleged to have been made *inter partes*, Moore, Bracken and Daniel of the one side, and the plaintiffs of the other, whereby, according to the agreement set out, Moore and his co-owners of the Bonnybel claim, were to procure a patent on that property, and subsequently deed to the others, as claimants and owners of the Little Giant claim, a portion of the territory which would be embraced in the patent. It was averred the plaintiffs carried out their agreement, that the defendants got their title from the government, and then refused to convey. A specific performance of this alleged contract was the purpose of the bill. Bracken and Daniel were soon served with a summons and appeared in the cause. Moore was not served, and on the 17th of July, 1885, he voluntarily came into court and made a motion, specially appearing for the purpose, to dismiss the cause for want of prosecution. This motion was denied. In November, 1887, he again appeared in the same manner and filed a similar motion. This motion was, in November, 1888, a year later, sustained, and the court entered a general order that the cause be dismissed, and adjudged that the defendants recover their costs, etc. This order of dismissal, however, was accompanied by a reservation of leave to the plaintiffs to move to reinstate the cause. In January, 1889, pursuant to the leave thus reserved, the present plaintiffs came in as successors in interest and moved to reinstate the cause. The cause was reinstated on the 8th of January, 1889. On the 15th of the same month, Moore entered another motion to dismiss for want of prosecution. The action of the court under this motion was a little unstable. The first order sustained the motion; the next order set the one dismissing the cause as to Moore aside, and Moore excepted to the ruling. The next day, January 16, the motion was renewed, heard and argued, and taken under advisement. On the 21st of January, the following order was entered: "On this day it is ordered by the court, that the motion heretofore taken under advisement dismissing this

cause as to Charles J. Moore be, and the same is hereby sustained." The next day the plaintiff's attorneys prayed an appeal to the supreme court, which was allowed, bond fixed, and thereunder this cause came to the supreme court, whence, under the statute, it was transferred to the court of appeals for determination. No other order was entered, and there is nothing in the form of a judgment, either in the printed abstract, or in the transcript of the record.

Messrs. ROGERS & CUTHBERT and Messrs. WILSON & STIMSON, for appellants.

No appearance for appellee.

BISSELL, J., delivered the opinion of the court.

Clearly the only action which can be taken by the court with reference to this case is to dismiss the appeal. It is difficult to understand why the case was brought here, or why it has been allowed to remain on the docket to the present time. It has been repeatedly adjudicated that under the act regulating appeals to the supreme court a final judgment must be entered before there is any right to a review of the proceedings below. This judgment must be a final determination of the controversy between the parties. What comes within this definition is clearly expressed in the decisions on the subject. As was said in *Dusing v. Nelson,* 7 Colo. 134, "if the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final it must end the particular suit in which it is entered." Formalities are not essential to a valid judgment entry, but if the forms usually adopted are not resorted to, there must be some equivalent expression which will indicate that the matter in controversy has been determined, and the entry must appear to be intended as the entry of a judgment. *Higgins v. Brown et al.,*

6 Colo. 148; *Alvord et al. v. McGaughey*, 5 Colo. 244; *Stevens v. The Solid Muldoon Printing Co.*, 7 Colo. 86.

The order entered in this case neither in form, nor in substance, approaches the definition of a final judgment as expressed by these authorities. It was an order entered on a motion, and neither adjudged the successful party his costs, nor permitted him to depart from the court without day. Under these circumstances, if this were the only question to be considered, it would be decisive of the present appeal.

It is equally clear that under the general rule which requires the entry of a final judgment before a review can be had in an appellate tribunal, the parties are not entitled to a hearing in this court. The action was brought upon a contract against three persons; it was dismissed as to only one of the defendants against whom rights were claimed. So far as can be determined from the record the cause is still pending against Moore's codefendants in the district court of Pitkin county, and may possibly before this time have proceeded to final judgment. Whether this be, or be not true, when judgment is entered in that case an appeal will undoubtedly lie, and there will thus be presented this anomalous condition of affairs: there will be two appeals taken in the same suit to review two different judgments entered in the same action. This is not consistent with the law regulating appellate proceedings. There can be but one judgment in an action from which an appeal will lie. An appeal therefrom will bring up for review all matters occurring during the progress of the litigation, and afford an opportunity to correct whatever errors may have been committed during the progress of the trial. *Harrison et al., v. Farnsworth*, 1 Heisk. 752; *De Lap et al. v. Hunter et al.* 1 Sneed, 101; Freeman on Judgments, sec. 28.

Since the cause remained undetermined as to Bracken and Daniel, there could be no final judgment with respect to Moore which would permit an appeal by the unsuccessful party prior to the determination of the entire suit. There is no statute in this state permitting it, and the appeal could

neither be properly taken, nor prosecuted to a determination of the question presented by the dismissial of the action as to Moore.

Since the appeal does not lie it will be dismissed, but this judgment will not be taken to conclude the right of the parties to raise the particular question presented in this record, should any appeal be hereafter taken from a final judgment in the case.

*Appeal dismissed.*