[No. 6108.]

THE COUNTY COURT OF THE CITY AND COUNTY OF
DENVER ET AL. V. EAGLE ROCK GOLD MINING
AND REDUCTION COMPANY

AND

ECKEL V. EAGLE ROCK GOLD MINING AND REDUCTION
COMPANY.

1.  **Certiorari—Purpose of the Writ**—The object of proceedings in certiorari is to correct errors in law apparent upon the record as returned by the inferior court or magistrate in obedience to the writ, and not to settle questions which are in dispute.—(369).

Original evidence is not admissible.—(369)

2.  **Appeals—Time to Appeal**—Statutes limiting the time of appeal are mandatory and jurisdictional.—(370)

3.  ——**Final Judgment**, is one which ends the particular action, leaving nothing further for the court to do in order to determine the rights of the parties involved in that suit. Where, in an appeal to the district court from a judgment by default entered in the county court, a motion of the plaintiff to dismiss the appeal is denied, and he elects to abide the judgment, refusing to prosecute further, nothing is left for the court but to dismiss the action. Such judgment is final, not only as to the parties, but as to the county court, and to the sheriff to whom execution upon the judgment has issued.—(371)

4.  **County Court — Appeal to District Court**— Under the statute (Mills' Stats., secs. 1085, 1086; Rev. Stats., secs. 1536, 1537), no appeal lies from a judgment by default entered in the county court, to the district court, unless within ten days after its rendition a motion to vacate it is made and denied; and the appeal must, in such case, be taken within ten days after the denial of the motion unless the time is extended by the county court; and in other cases, within ten days after the judgment is rendered.—(370)

The undertaking on the appeal must be filed and approved within the time in which an appeal may be taken, or such further time as may be fixed by the court.—(371)

Where judgment by default is entered in the county court, the defendant desiring an appeal therefrom to the district court, must not only move in apt time to vacate the judgment, but if his motion is denied, appeal within ten days thereafter, or within such further time as may be granted him.—(371)

*Error to Denver District Court*—Hon. Peter L. Palmer, Judge.

Messrs. Skelton & Morrow for plaintiffs in error.

Mr. John R. Smith and Mr. H. B. Woods for defendant in error.

Plaintiff in error, Eckel, and one Dixon, doing business as copartners, commenced an action in the county court of the City and County of Denver against defendant in error, The Eagle Rock Gold Mining and Reduction Company, to recover the purchase price of machinery sold to the latter. The defendant answered, and such proceedings were had that plaintiff in error was substituted as the sole plaintiff, and the cause set down for trial on a date fixed. On that date, the cause was regularly called for trial, the plaintiff appearing by his counsel, the defendant not appearing either in person or by attorney; and the court, having heard the evidence introduced on the part of plaintiff, rendered judgment January 12, 1906, in his favor. Six days later, an execution was issued on the judgment. On the next day, or seven days after the judgment was rendered, the defendant filed two motions, one to stay the levy of the execution, and the other to set aside the judgment. In the latter motion, the judgment is referred to as one taken by default. These motions were set for hearing, and according to the record of the county court, were heard and determined fifteen days after the judgment was rendered, or January 27. February 19 following, the defendant filed another motion to set aside the judgment. This motion was heard, and denied on February 24, to which ruling the defendant then and there excepted, and prayed an appeal to the district court, which was allowed, upon condition that it file

a bond in the sum of sixteen hundred dollars within twenty days from that date. Within the time so fixed, the bond was filed and approved. Two days after the filing and approval of the bond, the plaintiff filed a motion for an order requiring the sheriff to whom the execution had been directed and delivered, to proceed to sell the property levied upon thereunder, based upon the ground that an appeal from the judgment under which the execution issued had not been taken. This motion was duly set for hearing. In the meanwhile, the defendant filed in the district court a petition for a writ of certiorari, in which it alleged, in so far as material to consider, that within ten days from the entry of the judgment in the county court, it prayed an appeal to the district court, which was refused, for the reason then stated by the judge, that the judgment was a default judgment, and that a motion to set it aside was necessary, and must be filed and heard before an appeal to the district court could be prayed or allowed; that in obedience to this ruling, it filed its motion January 19, to vacate and set aside the judgment, and also a separate motion to recall the execution issued thereon; that on January 29, the latter motion was denied, and that it is contended, on the part of the plaintiff, that, at the same time, the motion to set aside the judgment was also denied, but upon information and belief, defendant alleges the fact to be that the motion to vacate the judgment was either continued, or leave granted to file a new motion, or in some manner the right of the defendant to have the question as to whether or not the judgment should be vacated and set aside, was reserved by the court for further consideration; that on February 19, the defendant filed another motion to vacate and set aside the judgment, which motion,

as well as the one filed January 19, were heard by the court on February 24, and denied.

The petition then sets out that the appeal was prayed for and allowed on condition that a bond be filed and approved within twenty days in the sum of sixteen hundred dollars, which bond was, later, filed and approved within the time fixed. It is then alleged that the clerk requested the sheriff to return the execution; that the sheriff had made a levy thereunder, and advertised the property levied upon for sale; and that he has refused to return the execution, and has announced his intention to proceed with the sale. On this petition, a writ was issued by which the county court was directed to certify to the district court the full record and transcript of all the proceedings in the case, and the sheriff commanded to forthwith certify and return the execution on the judgment, and to desist from any further proceedings thereunder until the cause should be reviewed in the district court. Pursuant to the writ, a full transcript of the record and proceedings in the case in the county court were lodged in the district court, from which it appears the proceedings were had in the county court as stated above, preceding what is given as the substance of the material averments in the petition for the writ of certiorari.

This transcript and the original papers were docketed as an appeal from the judgment of the county court. The plaintiff then filed a motion to quash the writ of certiorari, and also a motion to dismiss the appeal. The principal grounds of the latter motion were, that an appeal was not taken or allowed within the time prescribed by law. The motion to quash was denied and the two proceedings were then consolidated. Subsequently the motion to dismiss the appeal was denied. At this hearing the defendant, over the objection of the plaintiff,

was permitted to introduce the oral testimony of the clerk of the county court, and also the testimony of one of the counsel for defendant. The testimony of the clerk did not in any manner tend to contradict the facts as exhibited by the record certified in obedience to the writ of certiorari. The testimony of the other witness was to the effect that within ten days after the rendition of the judgment, he appeared before the county court and prayed an appeal, and requested that the amount of the bond be fixed, which was not passed upon, the court, apparently, being of the opinion that a motion to set aside the judgment should first be considered before a prayer for an appeal could be entertained. Plaintiff elected to stand upon his motion to dismiss the appeal, and refused to further prosecute the action, whereupon the court dismissed his complaint and entered judgment as of nonsuit. Plaintiff has brought the proceedings here for review on error, and assigns as errors the refusal of the court to quash the writ of certiorari, the admission of oral testimony, the refusal to dismiss the appeal, and entering judgment dismissing the complaint.

On behalf of defendant it is contended the writ of error should be dismissed because the judgment which the plaintiff seeks to have reviewed is not final.

Mr. JUSTICE GABBERT delivered the opinion of the court:

The object of proceedings on certiorari is to correct errors of law apparent from the record, as certified in obedience to the writ, and not to settle those which are disputed. It is upon such record alone that the cause is determined in the superior tribunal, and original evidence is not admissible.—*Peo-*

*ple ex rel. Hallett v. Board County Commrs.*, 27 Colo. 86.

The statutes relating to appeals from the county to the district court provide that an appeal will not lie from a judgment by default, unless within ten days after its rendition application be made by the party aggrieved to set it aside, and such application is refused. They further provide that the appeal must be taken within ten days after the judgment is rendered, or when judgment is rendered by default, within ten days after the refusal to set aside the default and grant a new trial unless the court, within the time above limited, shall extend the time for an appeal. The undertaking on appeal must be filed and approved within the time an appeal may be taken, or within such further time as the court may fix.—Secs. 1536-1537, Rev. Stats. Whether or not the motion to dismiss the appeal should have been sustained, depends upon what the record discloses as certified from the county court.

Granting that the judgment of the county court was a judgment by default, and that an application to vacate it was necessary as a condition precedent to praying an appeal, then, although such an application was filed within the statutory period, the defendant did not pray for an appeal within ten days after the application to vacate was denied, nor did the court extend the time in any way for taking an appeal. The second motion to vacate was filed too late, and the prayer for, and allowance of, an appeal, when this motion was denied, were, therefore, of no avail. If the appeal could have been taken without a motion to vacate, the defendant did not avail itself of this right within the period fixed by the statutes. Statutes limiting the time to appeal are mandatory and jurisdictional, and a party desiring to avail himself of the right to a trial *de*

*novo,* by taking an appeal, must comply with the statutory provisions on the subject.—*Adams v. Decker, ante,* 236; 2 Ency. Pl. & Pr. 239.

A final judgment is one which ends the particular action in which it is entered, leaving nothing further for the court pronouncing it to do in order to determine the rights of the parties thereto involved in that suit.—*Dusing v. Nelson,* 7 Colo. 184; *Hagerman v. Moore,* 2 Col. App. 83; 3 Words and Phrases, 2776.

The contention of plaintiff was, that the appeal should be dismissed. When this was denied, and plaintiff refused to further prosecute, there was nothing left for the court to do other than to dismiss his action. This judgment ended the case, and was final.—*Corning Tunnel Co. v. Pell,* 4 Colo. 184.

The county court and the sheriff were made parties to the certiorari proceedings, and it is contended that the dismissal of the complaint did not dispose of the case as to them. We think it did. Neither of these parties had any further interest or concern in the case after it was dismissed. No issue of law or fact affecting their rights was left undetermined.

The judgment of the district court is reversed and the cause remanded, with directions to dismiss the appeal.

   *Reversed and remanded, with directions.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.