Cunningham, P. J.,
rendered the opinion of the court.
As nearly as we are able to determine from an insufficient abstract and a defective transcript and bill of exceptions, the material facts in this casé are substantially as follows:
John H. Fullenwider departed this life on or about the 18th day of April, 1906, leaving as his heirs -two sons, John G. and H. A. Fullenwider, a daughter, Julia Mach'en, and his widow, Isabella Fullenwider.
The elder Fullenwider left considerable property, but was heavily in debt. Among his liabilities there was a note at the bank for something more than seven hundred dollars, which was occasioning the said John H. Fullenwider considerable worry. In order to relieve their father from this worry, and at his request, the sons, John G. and H. A., took up the father’s note, giving their own note to the bank in lieu thereof. Thereafter, and after the death of the father, the sons, from time to time, renewed the note which they gave to the bank, or rather, gave in lieu of their own note various renewal notes, which renewal notes covered *312 usually the original note with accrued interest. Finally this obligation to the bank was paid in full by the sons, and out of that transaction, as it will appear later, this controversy grew.
John H. Fullenwider, at the. time of his death, left a will, in which he named his said sons as executors, with the request that they be not required to give bond, and with the further request that they act without compensation.
By virtue of an agreement entered into between all the parties interested in the estate of the elder Fullenwider, including the creditors, the will was not seasonably offered for probate, and the two sons, as a part of said agreement, undertook the management of the estate for the purpose of paying the debts of their late father, and saving, if possible, something for his heirs. In this arduous undertaking the sons appear to have been successful, and so far as we can discover, satisfied everybody interested in the estate, save the daughter, defendant in error here.
Some four years after the death of their father the mother, Isabella, also died, leaving a will substantially in form like that left by her husband; that is to say, she named the two sons as executors, with the request that they be not required to give bond, and that they act without compensation.
A few months after the death of the' mother both wills were presented for probate. The daughter interposed objections to the sons acting as executors of either will. The ground for her objections do not appear in the record. Apparently the sons waived their right to act as executors, and C. S. Conant, one of the plaintiffs in error here, was named as administrator, with will annexed, of both estates, his appointment being dated November 15th, 1910.
A few months thereafter John G. and H. A. Fullenwider were required, by order of the County Court, to make an accounting of their acts and doings with reference to the two estates during the time they managed the same. *313 The record does not disclose whether the probate court acted sua sponte or upon motion of some interested party. At any rate, the sons promptly complied with the order of the probate court, and filed their report, covering a period of almost five years, and involving expenditures of almost seven thousand dollars, and receipts exceeding that sum.
Defendant in error, through her attorney, filed numerous objections to the approval of the report made by her brothers, each and every one of which was overruled by the probate judge, save as to the transaction concerning the note at the bank, to which we have already referred. As to this item the court, upon request of the defendant in error, ordered that a citation be issued and served upon the sons, requiring them to explain the disposition of this particular item in their report, it not being fully explained therein. Thereupon, without protest or objection, the sons made return to this citation, setting up the entire transaction pertaining to this note in great detail: The daughter promptly filed what she styled her replication, consisting, first, of a general denial, and, second, of a general demurrer, and praying that an order be entered requiring her brothers to forthwith pay into court the entire amount represented by the aforesaid note, together with all accrued interest which they had paid from time to time, and asking that in default thereof the brothers be adjudged to be in contempt, and that they be confined in the common jail until they had paid said sum into court.
A hearing was had on the issues thus joined, resulting in an order by the probate court overruling the objections of defendant in error in toto, and approving the accounting made by the brothers with respect to the one item in dispute, all other items having been previously approved. From this judgment or order of the probate court Mrs. Machen appealed to the District Court, and after various proceedings in that court, which it is not necessary to set' forth here, a hearing was finally had to the court without *314 a jury, resulting in an order or decree of that court disapproving the allowance of the disputed item, from which order the case is here by writ of error.
The District Court appears to have based its judgment or decree disallowing the said item solely upon the ground that the respondents had “never presented to the County Court for payment, within the period of one year, nor at any time except indirectly through said accounting * * * said note, either the original or a copy of same, within a period of one year after the administrator was appointed and qualified or at any time thereafter.” In this we think the learned trial judge committed error. As we-view the transaction, the sons held no note against the estate, hence could not present the same for payment. The note of the father had been fully paid in his life time by the sons taking up the same and giving their own note to the bank in lieu thereof. The record discloses that shortly after this transaction the father died and his sons, upon the request of all the heirs and the creditors, managed the father’s estate, without bond and without compensation; that they received and paid out large sums of money while so acting under this agreement. The sum which they allowed themselves in their report on account of the bank transaction referred to, in our judgment, differs in no respect from any other credit which they allowed themselves in their report. All parties interested appear to be entirely satisfied with every one of the many transactions of the sons during the long years they managed the estate, save and except as to the one item at the bank, and no one interested is protesting as to that save the sister. Her interest in it would be, apparently, but one-third of the amount, or less than three hundred fifty dollars.
This item was contained in a report made to the probate court under oath, and, finally, upon request or motion of the defendant in error, the entire transaction at the bank was set forth in a special return to a citation which she *315 caused to be issued against her brothers. On hearing, this return, or answer, to the citation was approvéd by the probate court.
Again, in the District Court we find no evidence whatever was offered impeaching the good faith of the brothers, and the 'District Court based its disallowance of the particular item here under consideration solely upon grounds of the most technical character.
It should be remembered that the sworn report or accounting made by the sons of the probate court was filed within the year following the appointment of the administrator; indeed, was filed within a very few months after said- appointment.
We think, under all the circumstances here detailed, this satisfied the statute, and that the defendant in error’s objections are without merit. For the reasons stated the judgment of the District Court is reversed, and the case is remanded to that court with instructions to enter judgment in favor of the plaintiffs in error, and for such other proceedings as may be necessary to properly complete the records of the probate court.
Certain questions debated in the briefs we have not found it necessary to determine or consider. Moreover, the right of defendant in error to appeal from the order of the County Court, approving the report of her brothers, to the District'Court, is, at least, doubl’d, but inasmuch as this question has not been raised by t ner side, we have considered the judgment of the Distr.ct Court as though the right of appeal was unquestionable.

Reversed and Remanded with Directions.