## No. 9797.

GOODKNIGHT, ADMINISTRATOR OF THE ESTATE OF HENRY
SETH, DECEASED, *v.* HARPER, ET AL.

Decided April 4, 1921.

Action involving allowance of appeal from an order of the county court approving a preliminary report of an administrator. Appeal allowed by district court.

*Reversed.*

1. APPEALS—*From County to District Court in Probate Matters.* Under sec. 7254, R. S. 1908, an appeal lies from the county court in probate matters to the district court only from final orders and judgments.

2. JUDGMENTS—*Final.* An order of the county court approving a preliminary report of an administrator is not a final order, and not appealable.

3. PROBATE LAW—*Jurisdiction of County Court.* While the county court may properly approve preliminary reports of an administrator, still, the entire subject remains with the court, and it retains jurisdiction of the estate, including approved reports of, and allowances to the administrator, which are always subject to further consideration and adjustment until administration is finally closed.

*Error to the District Court of Rio Grande County, Hon. Jesse C. Wiley, Judge.*

Mr. JAMES P. VEERKAMP, for plaintiff in error.

Mr. W. SCOTT CARROLL, for defendants in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

PLAINTIFF in error, administrator of the estate of Henry Seth, deceased, filed a claim against the estate on account of fees and other charges, as such officer, amounting to $6,645.04, and retained $5,400.00, to apply upon the same, from estate funds in his hands. Upon presentation of a preliminary report, showing among other things such charges and payment, the heirs entered objections to the approval of the report, claiming the charges to be excessive. Upon hearing the judge approved the report, from which order the heirs appealed to the district court. A motion to dismiss the appeal, on the ground that the report was not final and the order of approval interlocutory, was denied and the court heard testimony as to the reasonableness of the charges. Upon such hearing the court fixed the allowance at $1,500.00, and entered judgment accordingly. It is this judgment which is now here for review.

The primary question is whether the order approving the report is final. The report itself is not a final report, and the approval thereof in no sense closed the estate, or finally determined the question of fees for the administrator. It is settled law that appeals in general lie only from judgments, orders and decrees which are final, and it is specifically provided in section 7254, R. S. 1908, that an appeal lies from the county court in probate matters to the district court only from final orders and judgments. An earlier Act provided for such appeals from all orders, judgments and decrees relating to probate matters, and did not limit the right of review to such only as were final. The evident purpose of the present statute is to preclude the review of matters in probate by piecemeal, and it is manifestly the duty of courts to do anything which may properly and reasonably be done to promote such design.

A final decree is declared to be "one which makes an end of the case, and decides the whole matter in controversy, costs and all, leaving nothing further for the court to do." *Crittenden Ex parte,* 10 Ark. 333. "The term final means that decree which makes *an end* of the case in the court below, and is used in emphatical contrast to such decrees or orders as are only progressive to that end; as are merely interlocutory." *Alexander's Heirs v. Coleman,* 6 Munford, (Va.) 328. "The term 'final judgment' * * * means the ultimate or last judgment which puts an end to the suit or proceeding." *In re Smith Estate,* 98 Cal. 636, 33 Pac. 744. "A judgment is not final unless it disposes of the cause, both as to the subject-matter and the parties, so far as the court before which it is pending has power so to do." *Ragle v. Dedman,* 45 Ind. App. 693, 91 N. E. 615. "If the judgment is not one that disposes of the whole case on its merits, it is not final." *Heinze v. Butte & B. Cons. Min. Co.,* 129 Fed. 337, 63 C. C. A. 388. "A final judgment from which an appeal will lie is one that either terminates the action itself, or operates to divest some right in such a manner as to put it out of the power of the court making the order to place the parties in their former condition after the expiration of

the term." *Batesville v. Ball*, 100 Ark. 496, 140 S. W. 712.

In *Flint v. Powell*, 10 Colo. App. 66, 50 Pac. 45, it is declared in the syllabus:

."No appeal can be successfully prosecuted except from a final judgment. A final judgment is an adjudication which completely settles, ends and determines the rights of the parties."

And in *Dusing v. Nelson*, 7 Colo. 184, (2 Pac. 922) it is said at page 186:

"If the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final it must end the particular suit in which it is entered."

Whether the appeal was from a final judgment or order, therefore, will first be determined. The report itself shows that it was not final. No one doubts or questions this. The administrator still had duties to perform. We may reasonably assume that in the final report of the administrator facts may appear which may require changes in this particular allowance, either by way of increase or otherwise. It is plainly apparent that the order under review does not finally determine the allowance to be ultimately made the administrator. The filing of this report neither ended his services, nor the proceedings involving the final settlement of the estate. The report in fact settled nothing finally, and while the order thereon bears the characteristics of a formal judgment, no one will contend that the court could by the injection of such formalities change the law so as to make a judgment final in fact, which under the law and in the very nature of things, is not and cannot be final. Neither does the fact that the report was approved, after hearing, preclude the court from modifying this order should subsequent developments warrant and require it.

In view of a multitude of things which may occur between the filing of the preliminary report and the closing of the estate, it manifestly was impossible to then finally fix the fees of administration. Any allowance in this behalf,

during the process of probate, of necessity must be tentative merely, and subject to change in the light of future facts, circumstances and conditions which may present themselves. This view of the nature of orders upon preliminary reports of administrators is expressed in *Clemes v. Fox,* 6 Colo. App. 377, (40 Pac. 843) where, at page 383, the court said:

"Very strong support for this construction is found in the rule which prevails in most probate jurisdictions with reference to an account not final. Such accounts are not conclusive when the representative, legatees or creditors seek a final settlement. Schouler's Executors and Administrators, sec. 526. It is almost universally true that periodical accounts may be passed on and allowed, but still remain open to subsequent consideration."

In *Hamilton v. Fowler,* 11 Colo. App. 175, 52 Pac. 746, the administratrix presented a preliminary report, to which one of the creditors filed objections to certain items therein contained. Upon hearing some objections were sustained and others overruled. From these rulings an appeal was taken to the district court. In due course the case reached the Court of Appeals, where it was held that the rulings from which the appeal was taken were not final. At page 177 the court said:

"Objections to some credits claimed by the administratrix were allowed, and some were disallowed, but no action was taken which would preclude, so far as we can see, these matters being considered in connection with some subsequent report or at some other stage of the administration."

In *Lipe v. Fox,* 21 Colo. 140, 40 Pac. 353, it was held that the setting aside of an appraisement of an estate, and an allowance made the widow, was not a final order permitting a review on writ of error, and that the fact that the costs were taxed against her did not make the order final. It was so held because the question of the widow's allowance was not finally settled. So in the case at bar, the court upon conclusion of probate must fix the final allowance for the administrator and in so doing may find it necessary to

reconsider and modify the order from which this appeal is prosecuted.

While the county court may properly approve preliminary reports of an administrator, still the entire subject remains with the court, and it retains jurisdiction of the estate, including approved reports of and allowances to the administrator, which are always subject to further consideration and adjustment until administration is finally closed.

In *Conant v. Machen*, 27 Colo. App. 310, 148 Pac. 872, the court, in discussing the right of one of the parties to appeal to the district court from an order of the county court approving the report of the administrator, said, at page 315:

"Certain questions debated in the briefs we have not found it necessary to determine or consider. Moreover, the right of defendant in error to appeal from the order of the County Court, approving the report of her brothers, to the District Court, is, at least, doubtful, but inasmuch as this question has not been raised by either side, we have considered the judgment of the District Court as though the right of appeal was unquestionable."

Several cases from this jurisdiction have been cited in support of the contention that the order appealed from is final. A careful examination, however, discloses that they are distinguishable from the case at bar in some one or more important particulars, which renders them unavailable as authority herein. In each one of the cases so cited the judgment was, beyond peradventure, final in character, and conclusively closed the matter in which rendered.

The judgment of the district court is reversed and the cause remanded, with directions to dismiss the appeal, and remand the cause to the county court for further proceedings not inconsistent with this opinion, with right reserved in defendants in error to renew their objections to the allowance in question, and to all allowances, which have been or may hereafter be made the administrator, upon the final settlement of the estate.

Judgment reversed and cause remanded, with directions.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE BURKE concur.