## No. 11,960.

### KATZ v. COHEN.

Decided October 1, 1928. Rehearing denied October 22, 1928.

Mr. S. R. OWENS, Mr. LOWELL D. HUNT, for plaintiff in error.

Mr. J. E. ROBINSON, for defendant in error.

*Department Two.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

MAY 6, 1927, plaintiff Katz had judgment against defendant Ida Cohen in the Denver county court. The defendant Cohen was "granted time and until twenty days from this date in which *to elect* to appeal." May 24, within this period of twenty days, the defendant appeared in the county court and "excepted to the judgment herein rendered and prayed an appeal to the district court." Notice of this proceeding on May 24 was not given to the plaintiff. The court, on May 24, allowed or granted the appeal asked by the defendant on condition that she file an appeal bond, to be approved by the clerk of the court, on or before ten days. On May 27, three days later, the defendant filed, and the clerk of the court approved, the prescribed appeal bond and the cause was docketed with the clerk of the district court on June 29, 1927. On July 6 following the plaintiff appeared specially in the district court and moved to dismiss the appeal upon the theory that the appeal bond was not filed and approved in time, and that neither the plaintiff nor

his attorney had notice of the May 24 proceeding when the county court granted the appeal. In support of the motion the plaintiff invoked the record as above recited and filed affidavits in support of the assertion that no notice of the May 24 proceeding was given to him. The district court denied the motion to dismiss. Plaintiff elected to stand on his motion and refused further to proceed, whereupon on defendant's motion therefor, judgment was rendered for the defendant and against the plaintiff for costs. Exceptions to the judgment were taken by the plaintiff and he seeks by the pending writ of error to have it set aside.

There are two assignments of error: (1) It was error not to dismiss the appeal. (2) The judgment dismissing the cause at plaintiff's costs was wrong. The answer to the one question: "Was plaintiff still in court on May 24, when the court made the order granting an appeal?" is decisive of the case before us. Statutes limiting the time to appeal are mandatory. *County Court v. Eagle Rock Co.,* 50 Colo. 365, 370, 115 Pac. 706. Our statute provides that appeals from the county court to the district court must be made within ten days after judgment, but within this period the county court may, upon good cause shown, extend the time for perfecting the appeal. Though our statute may not expressly or specifically authorize the county court to grant time to a defeated party to "elect" to appeal, we think a court may properly make an order granting him time to determine whether or not he will appeal. Such an order was made by the county court in this case at the time the findings and judgment were formally announced on May 6, when the court entered the order now before us granting "time and until twenty days from this date in which to elect to appeal." Certainly the county court intended that some meaning should be given to this order. Plaintiff did not except to it when it was made or question its propriety. He was present in court at the time. What the court evidently meant was that, though formal pronouncement of

the judgment was made and its entry might follow, it should not be enforced for a period of twenty days, which he granted the defendant to determine whether or not she would make her appeal, meanwhile suspending all proceedings in the cause for twenty days. Such was evidently the construction which the county court made of its own order when, on May 24, it granted to the defendant, on her application, an appeal and extended the time ten days. At the time the order was made the plaintiff was in court, and constructively he was in court on May 24, before the end of the period granted to the defendant within which to make her appeal, when the court on defendant's application granted the appeal and approved the bond which the defendant filed. The defendant was not required to give the plaintiff any written or formal notice that she would on May 24 pray an appeal. He was constructively in court just as fully as he was on May 6 when the court announced what its judgment would be and he still was in court on May 24, to which all proceedings in the cause, in legal effect, were continued, when the defendant was required to make known to the court whether or not she would perfect the appeal. The district court properly ruled against the plaintiff on his motion to dismiss the appeal and its judgment is therefore affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE ADAMS and MR. JUSTICE BUTLER concur.