No. 12,483.

Boxwell v. Greeley Union National Bank.

(5 P. [2d] 868)

Decided November 2, 1931.   Rehearing denied. December 7, 1931.

Mr. Harry N. Haynes, Mr. Arlington Taylor, for plaintiff in error.

Mr. Paul W. Lee, Mr. George H. Shaw, Mr. Donald C. McCreery, for defendant in error.

*En Banc.*

Mr. Justice Campbell delivered the opinion of the court.

Plaintiff Boxwell brought this action against Ernest A. Morgan, the Greeley Land and Live Stock Company, the Greeley Union National Bank and other defendants who, if served with summons, did not appear in the action. The original complaint was amended and this amended complaint was further amended. As thus amended this pleading, in substance, states that in the year 1924, plaintiff Boxwell resided in the state of Iowa, and was there engaged in breeding Hereford cattle and other live stock, was familiar with values and productivity of Iowa lands but not with similar Colorado properties or with irrigation farming, all of which was well known by the defendant Morgan and the defendant land company, which was organized by and under his full control. In that year plaintiff was in Greeley, Colorado, and there met Morgan and, as the result of fraudulent representations, was induced to enter into a written contract with him and to sign a note and to engage with Morgan and his company in carrying on the live stock business on the ranch property in Weld county thus acquired, all of which was to the great loss and damage of the plaintiff.

The relief asked by the plaintiff is rescission and cancellation of the contract and note, and damages to him resulting from defendant's fraud. In the district court the defendants who appeared in the action, with the exception of the Greeley bank, filed their respective motions and special and general demurrers to the amended complaint, all of which were overruled, the trial court holding that as to these defendants the amended complaint stated a good cause of action. The defendant Greeley bank filed its own separate motions and special demurrers attacking the complaint, all of which were

overruled. Thereupon the bank filed its general demurrer to the amended complaint as further amended, which the court sustained. The plaintiff declining further to amend or change his amended complaint, the court, after sustaining the general demurrer thereto, dismissed the action as to the bank on the latter's motion therefor. The present writ of error is by the plaintiff Boxwell against the Greeley bank as sole defendant in error, having for its object a review only of the order or judgment of the district court dismissing the action as to the bank.

After the district court had sustained this general demurrer of the bank to the plaintiff's complaint as amended, and dismissed the action as to the bank, it was orally stipulated by the parties concerned that if plaintiff should, as he did, elect to stand upon his amended complaint and should thereupon prosecute a writ of error from the judgment dismissing the action as to the defendant bank, which he has done by the present writ of error, the trial of issues to be thereafter joined in the said cause as against the other defendants, should be continued from time to time until the Supreme Court should determine such writ of error; and that such dismissal, in so far as it affects the defendant bank, is without prejudice to plaintiff's right to proceed in the case as against the remaining defendants, other than the bank, as he may be advised.

This court hitherto has not been confronted with a situation exactly like that which is exhibited by this record. There is no charge in the complaint that the defendant bank had any connection with, or any knowledge of, the alleged frauds practiced by Morgan and his company upon the plaintiff Boxwell. The bank is proceeded against on the alleged ground that several years after the perpetration of the alleged fraud of the defendant Morgan upon the plaintiff, the bank received from this defendant, as payment of his note to the bank as payee, moneys which in equity belonged to the plaintiff, being part of the money of which plaintiff had been defrauded

by the defendant Morgan, all of which frauds the bank knew at the time Morgan paid his note.

It has been repeatedly held that a reviewing court has the inherent authority to regulate its jurisdiction so as to prevent successive appeals from a judgment. 3 C. J., p. 348, §97. Although the defendant in error bank in this writ of error has discussed the merits, it has observed in its brief that the writ of error is premature. Doubtless it may be true that both parties upon this review desire to have this court determine the propriety of the order of the district court dismissing the action as against the bank. Under the almost unbroken line of decisions we cannot with propriety do so, because the order or judgment, which the plaintiff in error has brought up for review, is not a final judgment, but interlocutory, to which neither an appeal nor writ of error lies unless some statute expressly authorizes it, and we have no such permissive statute in this state. The question here involved has been repeatedly decided by our own court and our Court of Appeals. In *Dusing v. Nelson*, 7 Colo. 184, 2 Pac. 922, this court, speaking on this point, page 186, said: "If the order entered in a cause does not put an end to the action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final it must end the particular suit in which it is entered." This case has several times been cited with approval by this court and our Court of Appeals. *Rice v. Van Why*, 49 Colo. 7, 111 Pac. 599; *County Court v. Eagle Rock Co.*, 50 Colo. 365, 371, 115 Pac. 706; *Goodknight, Admr. v. Harper*, 70 Colo. 41, 44, 197 Pac. 237; *Peters v. Peters*, 82 Colo. 503, 507, 261 Pac. 874.

*Hagerman v. Moore*, 2 Colo. App. 83, 29 Pac. 1014, was an action brought upon a contract against three persons. It was dismissed as to only one of the defendants against whom rights were claimed. Judge Bissell in that opinion stated that if the rule were otherwise than that announced in the Dusing case, supra, there would be two

appeals taken in the same suit to review two different judgments rendered in the same action. So in the case now before us. The dismissal of the suit as to the defendant bank did not determine the merits of the controversy at all, and it did not end this suit, and such was the view of the parties themselves in the district court when they stipulated that until final decision of the Supreme Court on this writ of error was had, further proceedings in the district court would be suspended with the right of the plaintiff thereafter to proceed further in the case on the other part or fragment thereof as to the alleged frauds perpetrated on the plaintiff by the defendant Morgan.

It would seem that no further discussion or citation of authorities is necessary, but we desire to cite and briefly comment upon some other decisions which bear upon the question here involved. In the opinion in *City of Batesville v. Ball,* Ann. Cas. 1913C, p. 1317, there is a note in which various decisions are commented upon in line with our own decision in *Dusing v. Nelson, supra.* It is apparent from a reading of the complaint in the action now before us that there are two inseparable parts or parcels of the case: the first and main one being the allegations of the plaintiff Boxwell tending to show, if true, that the defendant Morgan and his company had caused him serious losses as the result of Morgan's frauds practiced upon him; the other part of the case, which is inseparable, is the alleged receipt by the defendant bank from the defendant Morgan of moneys in payment of his note to the bank, which at the time of the receipt thereof the bank knew in equity belonged to the plaintiff. In no event could the defendant bank be held liable until and unless the plaintiff has established his cause of action as against Morgan and recovered a judgment against him. It would be idle, therefore, for this court, even if the order or judgment here in question constituted a final judgment, to pass upon the part of the case which is now before us, because the defendant bank's liability, if any,

to the plaintiff depends altogether upon plaintiff's success as to that part of the case which seeks recovery of judgment against Morgan. In *Owens v. Mitchell*, 33 Tex. 225, it was held that in a suit against several defendants a judgment sustaining a demurrer of some of the defendants to the petition and dismissing the case as to them, but leaving it undisposed of as respects the defendant who did not demur, is only an interlocutory judgment from which no appeal lies. In *Mayor, etc. v. Lamb*, 60 Ga. 342, it was held that an order dismissing certain parts of a bill in equity is not such a final disposition of the cause as will entitle a plaintiff to a writ of error. In 3 C. J., p. 355, §109, it is said that since a party as a general rule can appeal only from final judgments, he may not divide a case into fragments or parcels and appeal from them separately.

Doubtless there are cases to the effect that where there are two or more parts or parcels of a cause, wholly distinct one from the other, and severable, a writ of error may lie to a judgment of one part before the other is determined, but there is no case to which our attention has been called, nor has our search revealed one, which holds that where, as in the case at bar, there are two parts of a cause inseparably connected one with the other, a review of an order of dismissal as to one can be had before the other is determined. In 2 R. C. L., under the title "Appeal and Error," beginning at page 39, sections 21 to 25, both inclusive, will be found a discussion of the question here involved, and many cases are cited. Section 24 states the general rule, to which many decisions are cited, that a judgment or decree is not final which settles the case as to a part only of the defendants.

In 1 Freeman on Judgments (5th Ed.), p. 43, § 26, the learned author says: "Sometimes several issues of law and of facts are presented for the consideration of the court in the same suit or proceeding. In such case there can be no judgment from which an appeal can be taken while it remains necessary for the court to deter-

mine some issue of law or of fact." In section 28 the author quotes the following from the decision of the Supreme Court of the United States in *Heike v. U. S.*, 217 U. S. 423: "It is true that in a certain sense an order concerning a controlling question of law made in a case is, as to that question, final. Many interlocutory rulings and orders effectually dispose of some matters in controversy, but that is not the test of finality for the purposes of appeal or writ of error." And the author adds: "A final judgment is one which terminates the litigation between the parties and leaves nothing to be done except the ministerial act of execution." In section 33 Mr. Freeman, further discussing the question of the nature of such orders, says: "But in all cases where further proceedings are to be taken, or further orders of the court are necessary, the judgment cannot be treated as final, even for the purposes of appeal, unless it determines the issues involved in the action."

It follows that the order of the district court dismissing this action as to the defendant bank was not a final judgment to which a writ of error lies. It therefore is dismissed at the costs of the plaintiff in error. The dismissal, however, will not be taken to preclude the rights of the parties to raise the particular questions presented in this record. Further proceedings below, if any, must not be inconsistent with the views expressed in this opinion.

Writ of error dismissed.

Mr. Justice Hilliard dissents.

Mr. Justice Hilliard, dissenting.

As I understand the opinion of the court it is based upon the proposition that we ought not examine the ruling of the trial court upon the demurrer to the amended complaint as amended, because, it is said, there is no final judgment before us. To that proposition I shall address myself, but in passing it may be noted that the court has

undertaken to say that the demurrer was properly sustained. I quote from the opinion: "It is apparent from a reading of the complaint" that "In no event could the defendant bank be held liable until and unless the plaintiff has established his cause of action against Morgan [another defendant whose demurrer was overruled] and recovered a judgment against him. It would be idle, therefore, for this court, even if the order or judgment * * * constituted a final judgment, to pass upon the part of the case which is now before us." In short, we say the demurrer was properly sustained, but give leave to the plaintiff in error to renew his arguments when he shall, if ever, come here again.

I have examined the authorities which the court holds sustain the opinion, but shall not undertake to review them here. It suffices to say that in my judgment they have no bearing upon the issue presented in the case at bar as the matters presented in them were of manifestly different character. Surely because, as in *Dusing v. Nelson,* 7 Colo. 184, 2 Pac. 922, an action is dismissed for lack of prosecution as to one of the three parties to a contract, all being jointly liable, it does not follow that where a number of persons, severally liable, are sued, that one of them, successful upon general demurrer, has not obtained a final judgment in his favor when the plaintiff fails to plead over and elects to stand upon his complaint. Nor is the judgment here involved any less final because in *Goodknight v. Harper,* 70 Colo. 41, 197 Pac. 237, an order of the county court sustaining an administrator's intermediate report was held not to be a final judgment. The test has always been, as was held in *Dusing v. Nelson, supra,* to be whether the order entered in a cause puts an end to the action. If it does, as between the *parties to that order,* then, I submit, it is a final judgment to which a writ of error will lie, for this court should concern itself with the judgments before it for review, and not speculate upon the possibility of perhaps being obliged at some future time to review other judg-

ments entered between the same party on one hand and other parties on the other in the same cause. And if the test be whether the successful party has been dismissed without day, as it was held to be in *Hagerman v. Moore,* 2 Colo. App. 83, 29 Pac. 1014, and approved in *Rice v. Van Why,* 49 Colo. 7, 111 Pac. 599, then the case before us involves a final judgment for the order of the trial court was, "It is ordered, adjudged and decreed by the court that said cause, so far as it affects said defendant bank be, and the same is, hereby dismissed at plaintiff's costs, and that said defendant bank go hence hereof without day." It cannot be denied that more apt words to indicate the finality of the determination between the plaintiff and the bank could have been used.

It seems to me the difficulty the court has failed to overcome is the proper significance of the word "parties." Because it has been held that appeals cannot be taken piecemeal and that the reviewing court should determine all controversies between the parties at one time, the court is of belief that no matter how many parties there may be to an action, it must be tried below as to all of them before one can seek a writ of error. That, I apprehend, puts a construction upon the meaning of the word "parties" as may very effectively prevent many litigants from ever obtaining a final determination of their controversies. For example, as may be the fact here, a plaintiff may join many defendants, but would not care to try his case if his complaint were finally determined not to state a cause of action against one of them.

A practical difficulty which the plaintiff will encounter with the law established by the court is, that if he shall choose to pursue his action against the remaining defendants below, and shall prevail, that he must, if he wants to hold the bank, sue out a writ of error to review what must then, I suppose, have become a final judgment in favor of the bank, although why it should be more final then than now I am unable to discover. Or it may be that his endeavor to state a cause of action against the

bank can never be reviewed, for the trial court has likely exhausted its powers to dismiss the bank more effectively than it has, and the plaintiff may find himself with a worthless judgment against the remaining defendants, and a final but unreviewable order in favor of the one defendant from whom recovery could be had. Or, supposing the remaining defendants shall succeed on the trial but errors in the reception of testimony require the reversal of the judgment in their favor, and we then hold that the demurrer as to the bank was properly sustained, the litigants and the state have been put to the expense of a trial which our disposition of the present case might have averted altogether. Which brings me to the principle which I conceive should be our guide, namely, that lawyers be permitted to conduct their cases as they may be advised within the limits of the law; and that in considering those limits the practical things that confront attorneys should receive our consideration at least as readily as refined points of procedure.

Is the plaintiff within the limits of the law in bringing his cause here at this time? The Code of Civil Procedure supplies the answer. Section 80, Code '21, provides: "When a demurrer is decided, either in term time, or vacation, the court or judge shall immediately cause the decision thereof to be entered in the record, and may proceed to final judgment thereon in favor of the successful party, unless the unsuccessful party shall plead over or amend upon such terms as shall be just, and the court or judge may fix the time for pleading over and filing amended pleadings; and if the same be not filed within the time so fixed, judgment by default may be entered as in other cases." Section 425, Code '21, provides: "Writs of error shall lie from the supreme court to every final judgment, decree or order of any county court, district court or juvenile court, in all actions, suits and proceedings." Certainly, under section 80, a final judgment was properly to be entered against the plaintiff when he refused to plead further and elected to stand on his

amended complaint, and certainly by the positive words of the judgment order a final judgment was entered against him. Our duty, therefore, and our only duty, should be to determine whether that judgment should be sustained.

Our inquiry into the provisions of the Code need not, however, cease with a consideration of the sections mentioned. Section 243, Code '21, is directly applicable to the facts here and should be held to be controlling. That section reads: "In an action against several defendants, the court may, in its discretion, render judgment for or against one or more of them, allowing the action to proceed against the others, whenever a several judgment is proper." It will not be questioned, I presume, that the issues below would have made a several judgment proper, and it therefore follows that the writ of error here should be disposed of upon its merits. The very point was before the Supreme Court of California in *Rocca v. Steinmetz,* 189 Cal. 426, 208 Pac. 964. That was a tort action against two defendants and the trial court having determined that no action was stated against one of the defendants rendered judgment in his favor. From this judgment the plaintiff appealed and upon motion to dismiss the appeal the court overruled an earlier and contrary decision (*Nolan v. Smith,* 137 Cal. 360, 70 Pac. 166) upon the ground that no consideration had been there given to the provisions of section 579, California Code of Civil Procedure. That section of the California Code is identical with our section 243 above set out. Referring to the Nolan case, and discussing the one before it, the California court said: "The present action is unquestionably of a character in which a joint or several judgment could be rendered. The court, upon finding that one of the parties is not liable in the action, could render a judgment in his favor, and then leave the action to proceed against the other parties. That was the course taken by the court in the present case. It held that the allegations against D. H. Steinmetz were not sufficient to

put him to his defense, and rendered judgment in his favor, allowing the plaintiff to pursue his action against the other defendants. No reason is perceived why this was not proper. The Code expressly allows it, and to hold the person bound to wait until the final judgment against the other party before taking an appeal from the judgment against the first party already rendered is wholly unreasonable, and finds no warrant in any provision of the Code. That the judgment must be final against the defendant in whose favor it is given is essential to the right of appeal. But such a judgment is final within the meaning of that term, as given in section 963. No other judgment can be entered against him, as he will go free if the case goes no further against him. *Nolan v. Smith, supra,* must be overruled on this point.'' And 1 Freeman on Judgments (5th Ed.), p. 60, § 36, says: ''And if the decree finally settles the cause as respects one of several defendants, whose interest is not at all connected with the others, it may be deemed final as to him though the case may still be pending in court as to the other defendants. Hence in an action for personal injuries a judgment sustaining a demurrer on the part of one of the defendants and dismissing the action as to him is final and appealable, though the case is not disposed of as to the other defendant, who has not been served with process and has not appeared. Where the code permits a several judgment in an action against several defendants, leaving the action to proceed as against the others, a judgment finding one defendant not liable is final and appealable though the action is undisposed of as to the others.'' Does not our Code so provide, and does not the judgment before us arise upon a state of facts that would warrant a several judgment proper?

It may be that on some occasion this court will have before it a record from which it will be apparent that two or more of the parties below are in like situation with respect to some final judgment or order, and we could then with propriety determine whether all should

586

be required to present their writs of error at the same time. That was the problem in.*Gertz v. Milwaukee Electric Ry. etc. Co.,* (Wis.) 139 N. W. 312, which is the authority supporting the text of 3 C. J., p. 348, § 97, cited in the opinion of the court in this matter. And see also *Gertz v. Milwaukee Ry. etc. Co.,* 153 Wis. 475, 140 N. W. 312, where the real point involved in the question of determining whether appellate courts have the power to regulate proceedings to prevent successive appeals is set forth. The true rule is not, as the court has done here, to prevent appeals, and to dismiss them when presented, but to require all parties similarly situated, or whose success or failure would be involved, to present their records and arguments at the same time. I do not commit myself to that rule for the reason no such question is presented; my opinion might be to the contrary. My only suggestion is that upon the record before us we should follow the plain language of the Code of Civil Procedure, determine the sufficiency of the amended complaint, and put the trial court and counsel in position intelligently to proceed.