No. 13,769.

YOUNGBERG *v.* ORLANDO CANAL AND RESERVOIR COMPANY ET AL.

(49 P. [2d] 384)

Decided September 9, 1935.

Mr. Roy A. Payton, Mr. Angelo F. Mosco, for plaintiff in error.

Mr. French L. Taylor, Mr. C. V. Marmaduke, Jr., for defendants in error.

*In Department.*

Mr. Justice Hilliard delivered the opinion of the court.

On motion of defendants in error Andrew Dick, John Dick, Catherine Chatin and Jeanne D. Phillips, to dismiss the writ of error as to them, for that, as claimed, the record was not lodged here within the time fixed by rule 18—one year.

It appears that October 12, 1910, this suit, seeking the appointment of a receiver of the assets of the Orlando Canal and Reservoir Company, a defendant there and a defendant in error here, was begun; that originally there were other defendants named in the complaint, but December 3, 1910, on motion of plaintiff, there was dismissal as to them; that December 5, 1910, on motion of plaintiff and by consent of the Orlando company, the remaining defendant, a receiver was appointed; that July 6, 1915, by order of court, the receiver sold all the assets of the defendant company, of which there was formal approval September 18, 1915. Nothing further was done until May 2, 1933, when plaintiff filed an amended complaint, adding in the caption the names of the movants here and another corporation as defendants, seeking certain relief; that June 20, 1933, the Dicks and Chatin and Phillips, appearing specially, filed their motion to strike the amended complaint and for dismissal as to them; that June 28, 1933, the court ordered that "the amended complaint filed

herein be stricken as to the moving defendants, and this cause dismissed as to them''; that September 28, 1933, plaintiff filed a petition, entitled as in the amended complaint, asking the appointment of a receiver (the original receiver having died); that April 5, 1934, the court found that ''all the property owned by defendant, The Orlando Canal and Reservoir Company, has been sold under receivership order of this court; and that said company has no interest therein; * * * and that nothing can be accomplished by the appointment of a receiver herein.'' It ordered that the petition for appointment of a receiver be dismissed, and that filing of a motion for a new trial be dispensed with.

It further appears that May 7, 1934, plaintiff filed a ''praecipe for default'' and judgment against the Orlando Canal and Reservoir Company, as had been sought in the amended complaint; that May 19, 1934, the court denied the petition; that July 9, 1934, plaintiff, with leave of court, filed an amended petition for receiver, which was denied and dismissed the same day; that July 5, 1935, the record was filed on error.

In the circumstances of the record, and notwithstanding the moving defendants in error enjoyed earlier dismissal at the hands of the trial court, we are persuaded to the view that the time of final disposition of the cause was July 9, 1934, which for the purposes of prosecuting error, controls as to all defendants in error. *Boxwell v. Bank*, 89 Colo. 574, 5 P. (2d) 868. It follows that the filing here was in time.

Let the motion to dismiss the writ of error be denied.

MR. CHIEF JUSTICE BUTLER and MR. JUSTICE CAMPBELL concur.