ELLEN P. MARSHALL *et al.*

*v.*

LAURA ROSE, Administratrix.

1. ADMINISTRATOR'S SALE OF REAL ESTATE — *can not be ordered unless all parties in interest are in court.* The county court has no power to render a decree for the sale of real estate by an executor or administrator, unless all the parties interested in the real estate sought to be sold have been either served with process or have entered their appearance.

2. WIDOW'S AWARD — *not conclusive as against heirs on petition to sell real estate.* The order of the county court approving the estimate of the appraisers of the value of the widow's award is not conclusive as against the heirs or devisees upon a petition by the executor or administrator to sell real estate to pay debts, but the propriety and justice of such award may be questioned by them, the same as any other claim allowed against the estate.

3. SAME — *county court may set aside, but can not modify.* Whilst the county court has power, upon a petition by an administrator to sell real estate, to set aside the appraisers' estimate of the value of the widow's award, and refer the matter back to the same or other appraisers, it has no power to change the estimate and fix another value.

WRIT OF ERROR to the County Court of Kane County; the Hon. JOHN W. RANSTEAD, Judge, presiding.

Mr. W. D. BARRY, for the plaintiffs in error.

Mr. R. N. BOTSFORD, Mr. T. E. RYAN, and Messrs. BOTSFORD & BARRY, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an application by Laura Rose, administratrix of the estate of William J. Rose, deceased, with the will annexed, to the county court of Kane county, to sell the real estate of the deceased for the purpose of paying debts.

Section 98 of chapter 3 of Revised Laws of 1874, page 122, declares : "The mode of commencing the proceedings for the sale of real estate shall be by filing a petition by the executor or administrator in the county court of the county where letters testamentary or of administration were granted. The widow, heirs, and devisees of the testator or intestate, and

the guardians of any such as are minors, and the conservators of such as have conservators, and the actual occupants of the premises, where the same or any part are occupied, shall be made parties defendant.''

It appears from the petition, and also from the recitals in the decree, that two of the defendants, Orris C. Hinds and Eveline Norton, were interested in the estate as devisees, but it nowhere appears in the record that they were served with process, or that they appeared and answered the petition ; and yet they were defaulted, and a final decree rendered against them. This was error. The court did not acquire jurisdiction over these defendants, and had no power to render a decree affecting their rights, unless they had been served with process or entered their appearance in the cause. For this error the decree will have to be reversed.

The petitioner, the administratrix, has assigned cross-errors, and, as the cause will have to be remanded for another hearing, it becomes necessary to dispose of the errors complained of by her.

It appears from the record that on August 20, 1873, the county court approved the appraisement bill, including the widow's award, amounting to the sum of $2,000. The debts existing against the estate, to pay which the real estate was ordered sold, amount to $1,313.65. Of this amount $1,234.63 was unpaid balance due the widow on her award made by the appraisers. To the petition of the administratrix a part of the defendants, in their answer, set up fraud and conspiracy between the widow and the appraisers in the appraisement of the assets of the deceased, in and by which the appraisers fixed the widow's award at an enormous and unjust amount in order that she might get control of and absorb the entire estate, and thus defraud the defendant devisees of their just rights in the estate. On the hearing the court reformed the widow's award, and reduced it from the sum of $2,000, the amount originally fixed by the appraisers, to the sum of $1,273.

It is contended by the defendant in error that, as the

widow's award had been approved by the county court when the appraisement bill was filed, the action of the county court was final and conclusive, even as against the heir or devisee, on an application such as this to sell real estate to pay debts.

We are not prepared to give our assent to this position. The defendants, the devisees, were not parties to the proceeding when the widow's award was approved. They were not before the court, and, so far as appears, had no notice whatever of the action of the court in the premises, and it would be manifestly unjust to hold that they should be concluded by a proceeding to which they were neither party nor privy. The allowance of a claim against an estate is not conclusive upon the heir or devisee on an application to sell real estate to pay debts, but upon such application the heir or devisee has the right to come in and contest the validity of the debt, as has been held by this court in a number of cases. *Stone* v. *Wood*, 16 Ill. 177 ; *Hopkins* v. *McCan*, 19 id. 113 ; *Moline Water Power and Mfg. Co.* v. *Webster*, 26 id. 234.

If the allowance of a claim against an estate is not conclusive in a proceeding of this character, as seems to be fully settled, we perceive no ground upon which the amount of the widow's award as fixed by the appraisers, although approved by the court, can be held to be conclusive. In the strongest light in which it can be viewed, the widow's award is but a claim against the estate ; certainly it can not be held to be of a higher dignity, or entitled to greater weight in any proceeding. We do not, therefore, regard the allowance made to the widow as conclusive in a proceeding of this character. We think the devisees had the right to contest it, to show that it was made fraudulently, that it was too large, oppressive, or unjust. But the court did not have the power to alter or amend the award, in the manner it was done in this case. If the testimony before the court was sufficient to impeach the award, the court might have set it aside and appointed other appraisers to

make a new one. This is the doctrine of *Miller* v. *Miller*, 82 Ill. 463, where a similar question arose, in which it is said: "The county court, from its general powers in supervising the administration of estates, has the power, for cause shown, to set aside an appraisement bill or a report of appraisers making out and certifying to that court an estimate of the value of the items of property mentioned in the statute as 'the widow's award,' and to order the appraisers to consider the subject again, and make another appraisement bill or another estimate of the value of the items allowed by statute to the widow as the widow's award; and for cause shown the court might remove the appraisers and appoint other appraisers, and charge them with these duties. But while the county court has this supervisory authority, it has no power to revise and modify the appraisement bill or the appraisers' estimate of the value of the property allowed as the widow's award."

Under the case cited the court had no power to reduce the amount which had been allowed the widow, but upon a proper showing it could have been set aside, and other appraisers appointed to fix the true amount she was entitled to receive.

The decree will be reversed and the cause remanded for further proceedings consistent with this opinion.

*Decree reversed.*