*Simmonds & Cobb*, for plaintiffs in error.
*Mills Bros.*, for defendants in error.

---

## HIGGINS *v.* BROWN & THUM.

(*Supreme Court of Colorado—On motion to dismiss appeal from the County Court of Lake County.*)

PRACTICE—NO APPEAL FROM INTERLOCUTORY ORDER. Appeal lies only from final judgment, and not from an interlocutory order. An order vacating a judgment, however erroneous, is, in no sense, a final judgment or decree.

*Per Curiam.* The motion to dismiss the appeal in this cause assigns as ground therefor that the appeal was taken from an interlocutory order of the Court below and not from a final judgment.

The record discloses that appellees, Brown & Thum, brought an action upon a promissory note against the appellant, the complaint being filed at the September Term, 1879, of the County Court of Lake county.

Appellant appeared, answered the complaint and filed his cross-complaint. At the November Term, 1879, the default of plaintiffs below was entered for failure to answer the cross-complaint, and afterwards, at the same term, judgment was entered against the plaintiffs in favor of the appellant on the cross-complaint, for the sum of two hundred and twenty-six dollars, and costs of suit, the judgment reciting that this was the amount due the defendant after allowing plaintiffs the full amount of their claim.

The plaintiffs below filed a motion at the January Term, 1880, to vacate the judgment, which motion was allowed, and this appeal is prayed from the order vacating the judgment.

However erroneous the action of the Court may have been in sustaining a motion, made at a subsequent term, to vacate a judgment entered at a previous term, no appeal lies to this Court from such order. It is in no sense a final judgment or decree. Laws 1879, p. 226, Sec. 26.

The appellant having mistaken his remedy, the appeal must be dismissed at his costs.

Motion sustained and appeal dismissed.

*A. W. Rucker*, for appellant.