WHEELER ET AL. V. GARRETT ET AL.

APPEALABLE ORDERS.— An order merely vacating an order reinstating a case which had been dismissed does not have the effect to revive the judgment of dismissal, and is not appealable.

*Appeal from District Court of Pitkin County.*

MOTION to dismiss appeal.  On the 7th of November, 1888 (the issues in this cause having been previously made up), plaintiffs, Wheeler and Hagerman, by their attorneys, directed the clerk of the court below to enter an order dismissing the same, which was done.  On the 23d of November following the attorneys appeared in behalf of the respective parties, and by consent the order of dismissal was vacated, and the cause reinstated upon the docket.  On the 28th of said month, upon motion of defendants, the order of reinstatement was vacated by an order in the following words: "And the court, having heard the argument of counsel, doth sustain said motion; and it is further ordered by the court that the order heretofore made, reinstating this cause, be vacated and set aside."

To review the order last above named the present appeal was taken.

Mr. G. J. BOAL and Messrs. WILSON & STIMSON, for appellants.

Messrs. MORRISON & KOHN and Mr. J. McD. LIVESAY, for appellees.

PER CURIAM.  This appeal must be stricken from the docket.  There is no final judgment from which an appeal would lie.  The judgment of dismissal and for costs originally entered, which was final, was vacated upon the application to reinstate.  It is immaterial whether we speak of that application as a motion to reinstate or as a motion to vacate the final judgment of dismissal

previously entered; for, in either event, the effect is precisely the same.    The final judgment was thus set aside by order of the court.

The entry of the subsequent order — that is, the order appealed from, which vacated the prior order of re-instatement — did not have the effect to revive the final judgment of dismissal.    The intention doubtless was to accomplish this result, but the judgment should have been re-entered.    It had been formally set aside, and the ruling before us did not accomplish its reinstatement. The situation here appearing is, so far as this question is concerned, not unlike that in *Owen v. Going*, 7 Colo. 85.

The cause is stricken from the docket, but either party may move in the court below for the re-entry of the final judgment which had previously been vacated, and proceedings may then be had as the parties shall be advised.

*Stricken from docket.*