LIPE v. FOX ET AL.

1. ADMINISTRATION—WIDOW'S AWARD.

The county court has jurisdiction to entertain an application to set aside the widow's award. Although the statute does not expressly provide that the award of the appraisers to the widow of the dece dent shall be approved by the court, such has been the practice , but such approval carries with it no greater dignity than attaches to a judgment in an ordinary civil action.

2. PRACTICE.

Orders granting or refusing a new trial are not final judgments from which an appeal can be taken or to which a writ of error lies.

3. SAME—REVIEW OF INTERLOCUTORY PROCEEDINGS.

If reviewable errors have been committed in interlocutory proceedings leading up to final judgment, they can be reviewed only when the final judgment is properly brought up for review.

4. SAME.

A writ of error does not lie to an order of the county court setting aside the widow's award and ordering a new appraisement.

*Error to the County Court of Arapahoe County.*

Mr. W. C. KINGSLEY and Mr. R. H. GILMORE, for plaintiff in error.

Mr. R. W. BONYNGE, for defendants in error.

PER CURIAM. The plaintiff in error is the widow of Clark Lipe, deceased. During the course of administration of his estate, and on the 22d of September, 1893, the appraisers, appointed by the county court, at the instance of the widow, to set aside her statutory allowance, filed their report mak-

ing an award to the widow, which award was approved by the court. The value of the personal property of the estate exceeded the amount of the award, but was insufficient to pay all the claims of the creditors.

Three days thereafter the defendants in error, whose claim against the estate had theretofore been allowed, filed a motion in the matter of the estate to set aside such appraisement and approval on the ground, *inter alia*, that the award was excessive. Upon hearing of the application, which was resisted by the widow, the court granted the motion, set aside the appraisement and approval of the same, and ordered a new appraisement to be made, and taxed the costs of the hearing to the widow. From such order the widow is here by writ of error.

When the transcript of the record was filed in this court the defendants in error moved to dismiss the writ of error upon the ground that the order or judgment sought to be reviewed was not a final judgment. The motion was overruled, as it was deemed best to defer determination until argument upon the final hearing of the case. The defendants in error now renew their motion. The county court had the authority to entertain the application to set aside the widow's award, under its supervisory power over estate matters.

No greater weight can be given to the claim for the widow's allowance than to an ordinary claim of a creditor, although the former is preferred and must first be paid. When the award of the appraisers is made, it possesses no greater virtue than does the verdict of a jury in an ordinary civil action; and though the statute does not expressly provide that the award of the appraisers shall be approved by the court, such is the practice here, as in Illinois, from which our statute is borrowed, and when the court does approve the award, such approval carries with it no greater dignity than attaches to a judgment in an ordinary civil action. *Miller v. Miller*, 82 Ill. 470 ; *Marshall v. Rose*, 86 Ill. 374.

This court has repeatedly held that orders made granting or refusing new trials on applications to vacate judgments are

not final judgments, from which an appeal can be taken or to which a writ of error lies. *Higgins v. Brown*, 5 Colo. 345; *Owen v. Going*, 7 Colo. 85; *Wheeler v. Garrett*, 13 Colo. 140.

There is nothing in this judgment that partakes of the nature of a final judgment, unless it be that costs are taxed to the widow; but a judgment for costs, although under some circumstances it may be, yet, as a general rule, is not of itself a final judgment. Costs are often taxed as incidents of an order clearly interlocutory, and the costs awarded in this matter are of the same character. No execution was granted to enforce their collection, and the mere award of costs as an incident of an order interlocutory in its nature and purpose cannot make final that which is clearly intermediate. Freeman on Judgments, sec. 16, and cases cited; *Elwell v. Johnson*, 74 N. Y. 80; *Young, Admr., v. Stonebraker*, 33 Mo. 117; *Adams, Admr., v. Trigg*, 35 Mo. 190; *Robinson v. Hall*, 42 Hun, 214.

In *Dusing v. Nelson*, 7 Colo. 184, this court said: "If the order entered in a cause does not put an end to an action, but leaves something further to be done before the rights of the parties are determined, it is interlocutory and not final. To be final, it must end the particular suit in which it is entered."

Granting that in the matter of the administration of an estate the order of the court approving the award to the widow is a final judgment, this order vacating the judgment confirming the award is not final. It does not determine what amount the widow shall ultimately have, but expressly leaves such ascertainment open for further proceedings in the same court and in the same matter. It provides for a new appraisement, and the final judgment as between the widow and the defendants in error can be rendered only after the report of the new appraisers has been filed in, and the approval of the same made by, the county court.

If reviewable errors should be committed, or have been committed, in any interlocutory proceedings leading up to such final judgment, they can be reviewed only when such

final judgment itself is properly brought to this court. There is nothing in the other portions of the judgment that will aid that portion in which costs are taxed against the widow, so as to make it a final judgment. Such costs, if improperly taxed (and possibly it was wrong to award costs against her), may be readjusted by the county court when final judgment as to this award is rendered, or may be reviewed in this court when such final judgment is properly before us.

The hardships which counsel for plaintiff in error predict as possible to the widow in case it should be held that the order or judgment below is not a final judgment are imaginary rather than real. They contend that unless the widow can sue out her writ of error to such a judgment or appeal therefrom, then, when such award made to her is set aside at the instance of one creditor, and costs taxed to her and a new award made, all of the other creditors may be dissatisfied with the new appraisement and new award made under such order of the court, and each creditor in succession may file a motion to set aside the award made at the instance of any other dissatisfied creditor, and so an indefinite number of judgments for costs might be taxed against the widow, from which she could not extricate herself.

But each creditor is interested in and affected by the award made to the widow for her statutory allowance, and when any one creditor is dissatisfied with an award that has been made, and properly moves the county court to have the same set aside or corrected, the county court, upon the application of the widow, might very properly require all of the creditors to be made a party to such proceedings, so that the rights of all who are interested may be adjudicated at the same time. If she should neglect, however, to make this timely application for an order, she herself would be at fault.

On the other hand, if this judgment should be held and determined to be a final judgment, and if upon final hearing in this court such judgment should be affirmed, this would be equivalent to holding that the action of the county court

was correct. Then, when the remittitur is filed below, the county court would proceed to carry out its former order, a new appraisement would be made, and let us suppose that the court would approve the award of the new appraisers. Such order of approval would certainly be a final judgment, which the party against whom the order went might have reviewed by appeal or writ of error in this court, and the result would be two final judgments upon the same claim in the same case, and two reviews in the appellate court, which, in the nature of things, could not be. *Hagerman v. Moore*, 2 Colo. App. 83.

The writ of error is dismissed.

*Writ dismissed.*