[No. 4462.]

GREEN ET AL. v. THATCHER ET AL.

1. **Appellate Practice—Judgments.**

An order denying a motion to set aside a final judgment in a cause is not a final judgment from which an appeal may be taken.

2. **Same—Record.**

If an appeal might be maintained from an order denying a motion to set aside a judgment, the appellate court could not reverse the action of the lower court in denying the motion, where the judgment sought to be set aside does not appear in the record.

*Appeal from the District Court of Lake County.*

Mr. ROBERT E. FOOTE and Mr. A. J. STERLING, for appellants.

Mr. JOHN A. EWING, for appellees.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

A final appealable judgment for the recovery of real property was entered against the appellants in the district court. They made an application in the same cause for an order to set it aside, which was denied, and from the order denying this motion they are prosecuting this appeal.

1. In volume 1 of the second edition of his work on Judgments, at section 34, Mr. Black says, where an application to set aside a judgment comes in the form of a motion made in the same cause and the court grants an order vacating such judgment already entered, that the vacating order is not a final judgment, for it merely suspends the finality of the

original judgment till the same has been heard and decided anew. To this proposition is cited, among other cases, *Higgins v. Brown,* 5 Colo. 345. See also *Owen v. Going,* 7 Colo. 85; *Wheeler v. Garrett,* 13 Colo. 140; *Lipe v. Fox,* 21 Colo. 140. In the latter case it was said that an order granting or refusing a new trial is not a final judgment from which an appeal may be taken, or to which a writ of error lies. The rule is not otherwise where the court denies an application to set aside a judgment, for a refusal to open a judgment is not a judgment, sentence or decree, and it concludes nothing. On principle it seems well settled that where a final judgment is itself appealable, an appeal must be taken from such judgment, and not from a subsequent order refusing to set it aside.—*Goyhinech v. Goyhinech,* 80 Calif. 409; *Evans's Admr. v. Clover,* 1 Grant's Cases (Pa.) 164; *Lockwood v. Bock,* 46 Minn. 73; *Smith v. Shawano County et al.,* 77 Wis. 672; *Travelers' Ins. Co. v. Weber,* 2 N. D. 239; *Kubli v. Hawkett,* 89 Calif. 638; *Welsh v. Lambert,* 18 Utah 1.

Were there any doubt about this proposition, sec. 398, Mills' Code, settles it for us. That section provides that judicial proceedings, subsequent to final judgment, may be reviewed only in connection with a review of the latter.—*Schmidt v. Dreyer,* 21 Colo. 100.

2. Yet, if this was an appealable order, the judgment of the district court must be affirmed because the judgment sought to be set aside is not in the record, and from the transcript lodged here it is not made to appear that the order denying the application was improper.

The appeal is dismissed.

*Appeal dismissed.*