María Dolores Santiago Rivera de Costas, Plaintiff and Appellee, *v.* Julio Benvenutti et ux., Defendants; Isabel Torres de Amy, Intervener and Appellant.

No. 6022. Argued April 11, 1932.—Decided April 15, 1932.

*C. Domínguez Rubio* for appellant. *Tous Soto & Zapater* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

From the record of this case it appears that María Dolores Santiago filed an action of debt against Julio Benvenutti and Belén Caballero Benvenutti, and obtained an order of attachment, by virtue of which she attached cattle belonging to defendants.

Subsequently the same cattle was attached in similar actions by the Crédito y Ahorro Ponceño, The National City

Bank, Isabel Torres de Amy, Central Aguirre Sugar Company and the Banco Territorial y Agrícola.

The intervener and appellant, Mrs. Isabel Torres de Amy, alleges a preference in the collection of her debt based on the fact that the attached cattle was, on or about the date of the attachment, on the farm leased from her by defendant Julio Benvenutti. The greater part of the property was placed in the custody of Francisco A. Santini as depositary of the same.

Defendants Julio Benvenutti and Belén Caballero Benvenutti, petitioned the appointment of a receiver to take charge of the cattle attached, after giving a bond, and without compensation. To this petition all the plaintiffs agreed with the exception of the intervener, Isabel Torres de Amy.

Plaintiff María Dolores Santiago, by a motion to the court, requested that the depositary Francisco A. Martínez be ordered to pay said plaintiff out of the funds resulting from the sale of the cattle attached, the sum of $3,714 for possession of the farms leased to the defendants.

In support of this motion, María Dolores Santiago claims amongst other things, that according to the deed of lease, attached to the complaint as basis of the same, the agreed rental was $7,000 per annum, that is, $583.33⅓ a month; that defendant's cattle which was attached was deposited under the custody of Francisco A. Santini who since the date of the attachment took possession of the farms leased with said cattle, having in his possession sufficient funds to pay the rent due since the date of said attachments. That said depositary in order to use said farms, subleased them to Julio Benvenutti at the same rental agreed and for 15 years.

Appellant Mrs. Isabel Torres de Amy also objected to this motion. Both motions were heard in open court, all parties being present, and all but appellant consented to same. The District Court of Guayama granted both motions and appointed Francisco Antonio Santini receiver of the

property attached, without compensation. The court required of him as receiver to give a bond for $5,000 and authorized him to pay to María Dolores Santiago Rivera, from funds in his possession, and resulting from the sale of the cattle attached, with authorization of the court, the rentals from the date the depositary took possession, at a monthly rental of $583.33⅓, to cover the amount of $3,714.

This order was appealed by intervener Mrs. Isabel Torres de Amy, and María Dolores Santiago, plaintiff and appellee, now requests the dismissal of the appeal claiming that the order rendered by the lower court was not appealable in naming a receiver or in ordering him to pay from funds in his possession, rent for the farm occupied by Francisco A. Santini as depositary of the attached cattle. It is also alleged that the intervener-appellant is not a party to this case nor is aggrieved or affected by the order of the court, because the property attached was not subject to reattachment.

This Supreme Court has held in numerous opinions that an order appointing a receiver is not appealable, and hence the appeal from said order must be dismissed.

As to the amount ordered to be paid to plaintiff-appellee from funds in the hands of the receiver, we must decide whether this decision of the court is included in the provisions of section 295 of the Code of Civil Procedure. We are not concerned with an order included in subdivision 3 of said section. Nor can subdivision 2 be applied, because it is not a case of a judgment of a district court rendered in an appeal from a lower court. Eliminating these two subdivisions we have only to decide if this is a case of a final judgment completely deciding the rights of the parties without further proceedings as to the amount ordered to be paid to plaintiff-appellee from funds of the administration.

The transcript filed in this case only shows that plaintiff-appellee brought an action of debt against Julio Benvenutti

and Belén Caballero Benvenutti. As the original complaint does not appear in the record, we do not know its allegations and grounds, although it seems that it was an action to recover rentals due. We know that the receiver was ordered to pay plaintiff-appellee, María Dolores Santiago, the sum of $3,714. We understand this order of payment to decide definitely the rights of the parties with respect to this sum which is part of the property attached. If María Dolores Santiago had sued to recover payment of this sum and the case had been decided in her favor, the judgment rendered would not have given her a better right than she obtained by virtue of the judgment of the lower court ordering the receiver to pay said sum. It is, in our opinion, a final judgment. It is true that defendants consented to the payment of this sum, but intervener objected and as it refers to property subject to the attachment, upon which intervener claims a preference, it is clear that said party is affected by this decision which is in the nature of a final judgment.

It is well to state that the court declared in its decision that the rent accepted by the depositary appears extremely excessive at present. The lower court adds that said rent was agreed upon at a time when real property was valued highly, that everybody is familiar with the present conditions and with the decline in value suffered by real property in Puerto Rico, and that the court must accept, although unwillingly, the fixed rental without prejudice to the opposing party indicating the manner of solving this problem so as to economize, which would be for the benefit of all. The court suggested to the depositary, at present receiver by virtue of the order of the court, and to all concerned, to take the necessary steps to reduce said rental, or to try to find some other property upon which the cattle can be taken care of and the dairy operated in the same manner as it is now done.

Let us examine the jurisprudence established by the courts, interpreting identical provisions such as those con-

tained in section 295 of the Code of Civil Procedure. The doctrine established by the Supreme Court of Colorado in the case of *Standley* v. *Hendrie Bolthoff Mfg. Co.*, 55 Pac. 723, can be applied to this case.. We do not make a concise statement of the facts in that case for we believe that this purpose is fulfilled by copying the pertinent parts of said decision. From the opinion of the Supreme Court of Colorado we quote:

"In August, 1897, the appellees, who now move to dismiss this appeal, filed their complaint against the Crown Point & Virginia Gold-Mining Company, the object of this action being to obtain the appointment of a receiver for, and to wind up the affairs of, this company. A receiver was appointed. Appellants, with the exception of Mayhew, intervened for the purpose of protecting their rights in the property in which the company was interested, alleging that they were mortgage creditors of the company, who had foreclosed their mortgages, and sold the property under decrees of foreclosure, and held certificates therefor. Mayhew also filed his petition of intervention for the same purpose, alleging that his rights in the property in which it is claimed the company had an interest were superior to that interest by virtue of rights acquired under execution sales. It is averred that the rights of all these intervening creditors of the company attached prior to the commencement of this action. In operating the property under the receivership, indebtedness was incurred, and the present receiver filed his petition for authority to issue certificates of indebtedness with which to satisfy these claims, and praying that such certificates be made a charge and lien upon the property of the company. The appellees who filed the motion to dismiss this appeal appeared on the hearing of this application, and urged that it be granted. Appellants resisted. The judgment of the court on this application authorized the receiver to issue certificates to the amount of $5,067.60, and an additional $1,000 to be used in the future preservation and protection of the property, and directed that such certificates should constitute a lien on the property, superior to the mortgage claims, sheriff's deeds, or judgment liens under which appellants either claim to own the property or to be entitled to a lien thereon. It is from this judgment or decree that appellants have brought this case here for review on appeal, which the appellees above mentioned now move to dismiss, for the following reasons: . . . second, it is not a final one; third,

no appeal lies as against them, for the reason that they were not parties to the proceeding from which the appeal is prosecuted, because such proceedings were had at the instance of the receiver; . . .

''* * * * * * * *

. ''2. A judgment which fixes the rights of the parties in the action in which it is rendered and leaves nothing further to be done before such rights are determined, is final. *Lipe* v. *Fox,* 21 Colo. 140, 40 Pac. 353; *Dusing* v. *Nelson,* 7 Colo. 184, 2 Pac. 922; *Daniels* v. *Daniels,* 9 Colo. 133, 10 Pac. 657. In the latter case the court quotes with approval from *Sharon* v. *Sharon* (Cal.) 7 Pac. 456, as follows: 'A final judgment is not necessarily the last one in an action. A judgment that is conclusive of any question in a case is final as to that question. The Code provides for an appeal from a final judgment, and not from the final judgment in an action.' So that the real test to apply is that, if the judgment pronounced is in the nature of a final one, and is such upon the question adjudicated, then it becomes such; or, otherwise stated, where the judgment pronounced is final of the rights of the parties on the questions therein involved and settled, and separable from any other that may be rendered in the action, it is, as to such questions, a final judgment. *Trustees* v. *Greenough,* 105 U. S. 527; *Guarantee T. & S. D. Co.* v. *Philadelphia R. & N. E. R. Co.* (Conn.) 38 Atl. 792; *In re Farmers' Loan & Trust Co.,* 129 U. S. 206, 9 Sup. Ct. 265. The questions presented to the trial court and determined in this proceeding were the amount of indebtedness incurred under the administration of the present receiver and his predecessors, what further amount was necessary for his use in the discharge of his trust, and how the amount thus determined should be evidenced and secured; the decree on this last subject being, as above stated, that the certificates which the receiver was authorized to issue should be a first lien upon the property of the company. On this motion we have not looked into the merits of the controversy, nor what the rights of the respective parties may be; but, as we understand it, appellants complain that the lien of the receiver's certificates is adjudged superior to theirs in certain properties. If these certificates are issued in pursuance of the order complained of, and taken by parties while the order fixing the lien which shall attach for their security stands unrepealed, we do not see how it would be possible for the court, in a subsequent stage of the proceedings in this case in regard to the same subject-matter, to say that the holders of such certificates must establish their right to priority of payment independent of the

order under which they were issued, but on the contrary, that under such decree such holders would be entitled to the lien provided for their security. According to the contention of appellants, this order has changed their relation to the property of the company, and displaces their rights to their injury; and on the questions as to the amount for which these certificates may be issued, and the lien which may attach as against what appellants claim to be their rights, the judgment is final.

"3. This action was originally instituted by the appellees, who now move to dismiss this appeal. It was at their instance that a receiver was appointed, under whose administration, or that of his predecessors, the expenses which are now made a lien upon the property superior to that of appellants were incurred. The judgment rendered of which appellants complain was at the instance of the receiver, . . . Any part in interest would have the right to object to steps being taken by the receiver, and have such objections passed upon and determined by the court in which the action was pending. Such person would also have the right to be heard upon any application which the receiver may make to the court; and, orders in relation to his acts being for the benefit of all, it necessarily follows that, if one is made in which interested parties do not acquiesce, but feel aggrieved, which is of that character that it can be reviewed on appeal, it is necessary that those who do acquiesce should have an opportunity to be heard on such appeal, and appellees are, therefore, not only proper, but necessary parties to this action in this court."

The Supreme Court of California maintains the same doctrine in the cases of *Los Angeles* v. *Los Angeles C. Water Co.,* 134 Cal. 121; *In re Welch,* 106 Cal. 427, and *Grant* v. *Superior Court,* 106 Cal. 324. In the case of *Los Angeles* v. *Los Angeles, supra,* the Supreme Court of California declared that any party aggrieved by an order of this nature could appeal to that court, this doctrine being well recognized. In *Grant* v. *Superior Court, supra,* the Supreme Court of California refused to issue a writ of prohibition to prevent a lower court from issuing an order fixing the compensation of a receiver, for the reason that if the lower court ordered the payment of said compensation from the funds in the possession of the receiver, such order, under any name

given to it, would be a final judgment in any collateral matter derived from the action and would be appealable by any person with an interest in the fund and that if an appeal could be taken from such order the writ of prohibition should not be issued. The same doctrine was maintained in the case of *Trustees* v. *Greenough*, 105 U. S. 527.

Appellant-intervener subsequently attached the same property that had been attached by plaintiff-appellee, María Dolores Santiago.

The lower court, in the order appealed from, authorized the receiver to make private sales of the cattle attached and to pay plaintiff and appellee the said sum of $3,714 from the funds in his possession as well as from those resulting from the sale of the cattle attached. Intervener and appellant claims a preference over this property. It is clear and evident that the judgment rendered affects said party in the rights claimed. In this motion to dismiss we are limited exclusively to consider the facts in the manner pleaded without considering the merits of the questions involved as we could do in an appeal.

For the reasons stated we believe the appeal is not proper as to the appointment of a receiver and that appellee's motion should be overruled as to its other particulars.

Mr. Justice Wolf took no part in the decision of this case.