## No. 13,154.

LEE, RECEIVER *v.* FIRST STATE BANK OF KEENESBURG.

## No. 13,155.

TOLLAND COMPANY *v.* FIRST STATE BANK OF KEENESBURG.

(28 P. [2d] 814)

Decided December 4, 1933. Rehearing denied January 22, 1934.

Mr. WILLIAM W. GAUNT, for plaintiff in error Lee.

Mr. JOHN R. ADAMS, Mr. OLIVER W. TOLL, for plaintiff in error Tolland Company.

Mr. HERMAN CRIST, Mr. ERNEST L. RHOADS, Mr. BERNARD J. SEEMAN, for defendant in error First State Bank.

*En Banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

CAUSE No. 13154 entitled: Ralph R. Lee, as receiver, plaintiff in error, against the First State Bank of Keenesburg, Colorado, and others, defendants in error, and cause No. 13155 entitled: Tolland Company, a corporation, plaintiff in error, against the First State Bank of Keenesburg, Colorado, and others, as defendants in error, have been by agreement of the parties consolidated for hearing, as the questions of fact and law are the same in each case. The essential facts are thus summarized: Elisabeth Zimbelman, one of the defendants in error in both cases, bought from Oliver W. Toll an improved farm of 160 acres of land in Weld county, Colorado. Toll's rights and interests therein have been transferred to, and now are vested in, Tolland Company. The property was not entirely paid for in cash. Mrs. Zimbel-

man, in whom the title at the time was vested, gave to Toll as part of the purchase price, her two promissory notes aggregating about $20,000, and executed her purchase money trust deed to Toll to secure their payment, the security deed being dated January 3, 1928. The trust deed is in the ordinary form in common use in this state. It contained a provision that in case of default in complying with its terms the holder of the secured notes should be entitled to a receiver for the property and without regard to the value thereof, and it was further provided that the receiver may be appointed by any court of competent jurisdiction on ex parte application without notice. The trust deed also contained the following provision: ''And all rents, issues and profits, income and revenue therefrom shall be applied by such receiver to the payment of the indebtedness hereby secured, according to law and the orders and directions of the court.'' Thereafter Toll transferred the notes and the trust deed to Tolland Company, a corporation, one of the parties to this suit. As we gather from the lengthy briefs of the parties, the ultimate, if not the sole, question tendered for decision is as to the relative rights and interests in and to the 1931 crop of beets claimed by Tolland Company, plaintiff in error, the Bank of Keenesburg, and Ralph R. Lee, who was appointed receiver of the property included in the trust deed of Elisabeth Zimbelman to Oliver W. Toll and by the latter transferred to Tolland Company. The Tolland Company claims title by virtue of such trust deed of which it is now the owner and which contains the receivership clause in question. The Keenesburg bank, one of the defendants in error, bases its claim to the property in dispute and its right to possession thereof on a chattel mortgage from Elisabeth Zimbelman to the bank, executed after her deed to Toll was made. This chattel mortgage includes her entire interest in the 1931 crops which were grown on the same property covered by the trust deed

which is now held by Tolland Company. The fund which the bank claims to own consists of the proceeds of the sale of this 1931 crop.

The briefs of the respective parties are voluminous and the discussion therein has taken a wide range, in our view far beyond the necessities of this case. As we read these briefs, it is conceded by all parties concerned, that Ralph R. Lee as receiver is the duly constituted custodian of the proceeds of the sale of the beets produced upon the property in question during 1931, all of which funds have been deposited with and now remain in his custody and under his control as such receiver, subject, of course, to the proper disposition by the court to the parties entitled thereto.

We do not find it necessary to a determination of this controversy as it is now submitted for consideration, to follow the lead of the respective parties in their voluminous briefs and pass upon all of the important questions which they have so elaborately and ably discussed. And this is so because it is more than apparent, indeed it clearly appears, that the money which has come into the hands of the receiver from the sale of such crops has been deposited by him in the registry of the court and is now being held subject, of course, to full and complete disposition thereof when the court makes its final order in the case upon the issues of law and fact raised by the pleadings. When this money in question came into the hands of the receiver upon a sale of the 1931 crop, this officer, among other requests made to the court, asked that he be awarded as compensation for his services up to that time a certain specified sum and that he be adjudged to have a prior and paramount lien upon the same. The trial court did not award to the receiver the full amount which he demanded, but did award a smaller sum. Neither did the court classify this claim which he allowed.

As we understand the record the question which the

court is now asked to pass upon is as to the amount of the compensation due the receiver and as to its alleged superiority as a lien upon the funds in the registry of the court as against the claims of any other parties to the suit.

 This cause is still pending in the district court of Weld county. The award to the receiver was not intended to be final. The record discloses that the court did not so intend its award. To the contrary, the trial court contemplated that the receiver's full compensation for his entire services and its rank as a lien would be determined thereafter at such time as it became necessary finally to dispose of all the issues in the case. The particular award by the court which was made during the period of the receivership, but before final discharge of the receiver, does not in and of itself constitute a final judgment and was not intended by the court to be such. It is only to the final decree or judgment of a court that a writ of error lies. This record discloses that no final decree in the pending controversy has been made by the trial court. To the contrary, there was a continuation of the receivership by special order of the trial court at the time the partial award was made. As we read the record the court by necessary implication ruled that compensation in full for the receiver would be postponed until the final order or decree in the case was rendered. At all events, the receiver was not precluded from thereafter asking the court to fix or enlarge his compensation and to make it a preferred claim. The receivership, as the record shows, had many months still to run. Additional services of the receiver would be required. There was no necessity for the trial court expressly to reserve for future action a definite and final ruling as to the total amount of the award which should be paid to the receiver. The award already made was merely tentative or interlocutory. That the award to the receiver in this case was not final is too plain for argument. An award to a receiver is analogous to an award to an ad-

ministrator of an estate. In *Goodnight, Adm'r v. Harper,* 70 Colo. 41, 197 Pac. 237, the administrator of an estate appealed to the Supreme Court from an order of a lower court allowing him $1,500 and fees in connection with the preliminary report filed by him in the estate. We held that the question whether the order approving the report is final was not of that character and not reviewable on appeal. The same rule would apply were the proceeding by writ of error. A similar ruling was made in *Dusing v. Nelson,* 7 Colo. 184, 2 Pac. 922, 927. See, also, *Hamilton v. Fowler,* 11 Colo. App. 175, 52 Pac. 746. To the same effect is *Lipe v. Fox,* 21 Colo. 140, 40 Pac. 353. In High on Receivers (4th Ed.), p. 972, the author says an order approving the receiver's report which is not final and which directs the receiver to continue the management of the property until the further order of the court, is not appealable and an appeal therefrom will be dismissed. Many other cases to the same purport could be cited.

This writ of error should therefore be, and it is, dismissed without prejudice, however, to the rights of the plaintiffs in error before a final disposition of the case in the district court to renew their application to the district court for a final and full award to the receiver as compensation for his services as such. The writ of error is therefore dismissed.

Mr. Chief Justice Adams and Mr. Justice Bouck not participating.