(No. 10952.—Reversed and remanded.)

A. G. DICUS, Appellee, *vs.* HENRY SCHERER *et al.*—(HAR-
OLD W. JEFFERY, Appellant.)

*Opinion filed February 21, 1917.*

1. TRUSTS—*when interests of beneficiaries in land partake of
nature of personalty.* Where several persons contribute towards
the purchase of land, the title being taken in the names of some
of them as trustees to subdivide and sell the property and after
paying expenses to divide the balance of the proceeds among the
contributors in proportion to their contributions, the declaration of
trust creates a joint venture, and the interests of the contributors
in the land partake of the nature of personal property.

2. SAME—*when personal character of trust terminates and the
beneficiaries become vested with an equitable estate of inheritance.*
Where land is held under a declaration of trust for the purpose of
subdividing and selling it and dividing the proceeds among the
beneficiaries, a conveyance by the trustees terminates the personal
character of the interest of the beneficiaries, and upon a re-con-
veyance of part of the land to the trustees as trustees, without any
declaration of trust, the beneficiaries become vested with an equi-
table estate of inheritance, so that a purchaser at an administrator's
sale of the interest of one beneficiary as personal property acquires
no interest in the trust estate.

3. PARTITION—*when court of equity has jurisdiction of subject
matter of suit in partition.* A court of equity properly entertains
jurisdiction of the subject matter in a partition suit where the suit
is begun before proceedings are instituted in the probate court to
sell some of the interests in the land as personalty.

4. SAME—*administrator or executor is not a necessary party to
a bill for partition of real estate.* An administrator or executor is
not a necessary party to a bill for partition of real estate, espe-
cially where it does not appear that the personal property of the
deceased is insufficient to pay his debts.

5. EXECUTORS AND ADMINISTRATORS—*what is necessary before a
decree for sale of real estate may be had.* An administrator or an
executor cannot sell real estate owned by the deceased except for
the payment of the debts of the deceased when the personal prop-
erty is insufficient to pay them, and all the heirs of the deceased
must be made parties defendant and duly served by process before
a valid decree for the sale of real estate may be had.

APPEAL from the Circuit Court of Cook county; the
Hon. THOMAS G. WINDES, Judge, presiding.

WISNER & WALSH, (LAWRENCE J. WALSH, of counsel,) for appellant.

A. G. DICUS, *pro se.*

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellee filed his bill in the circuit court of Cook county on October 21, 1915, to compel Henry Scherer, as trustee, to convey to him the one-twelfth interest in lots 1 to 6, inclusive, and lots 43 to 48, inclusive, in block 3, and lots 20, 21 and 22, 30, 31 and 32, in block 4, all in Kaufman & Stephens' addition to Oak Park, in said county. The bill also alleged that Harold W. Jeffery, Fred Kiminke and William M. Slavik have or claim some interest in the premises as purchasers or otherwise, and prayed that certain proceedings and conveyances through which appellant acquired title to the said premises be declared null and void and set aside. The court granted the prayer of the bill, and Harold W. Jeffery has brought this appeal.

It appears from the record that the land out of which the above lots were surveyed was conveyed by Thomas S. Howland and wife, former owners thereof, to Henry Scherer and Edward Rehm, as trustees, on November 1, 1889. Henry Scherer, Charles C. Gantzer, Jonathan Hiestand, William H. Crump and John C. Kolberg each contributed to the purchase of said property the sum of $1000 and Andrew Rehm and Hiram B. Odell each contributed thereto the sum of $500. All the contributors executed in writing a declaration of trust and filed the same of record, by which it was agreed that the parties should have interests in the property in proportion to the amounts contributed by them towards its purchase and that their interests should be "personal." The trustees were to subdivide and sell the lands and after paying expenses to divide the balance of the proceeds of the sales among the contributors in proportion to their contributions. This declaration of trust cre-

ated a joint venture, by which the interests in the realty partook of the nature of personalty. *Nicoll* v. *Mason,* 49 Ill. 358.

On August 1, 1891, Henry Scherer and Andrew Rehm, in their own right and as trustees, and their wives and the other contributors, for a consideration of $56,054 conveyed the lands aforesaid to John Stephens and Winfield S. Kaufman, subject to a deed of trust by Scherer and Rehm to L. O. Goddard to secure $23,700. Kaufman and Stephens had the lands surveyed into lots and blocks, comprising Kaufman & Stephens' addition to Oak Park. On June 1, 1896, John Stephens, a widower, and Winfield S. Kaufman and Kaufman's wife, for a consideration of $33,600 conveyed to Andrew Rehm and Henry Scherer, trustees, all the remainder of the said addition not sold by them, being blocks 3 and 4 in said addition to Oak Park. Said last two deeds were duly and promptly recorded in the recorder's office of Cook county. There was no declaration of trust at the time the property was conveyed by Scherer and Rehm to Kaufman and Stephens, so far as the record shows. The legal effect of that deed by Scherer and Rehm and the contributors to Kaufman and Stephens was to vest the legal title in the grantees, and the re-conveyance of Kaufman and Stephens to Scherer and Rehm, trustees, vested the legal title in them for the benefit of their *cestuis que trust,* and the *cestuis que trust* became vested with an equitable estate of inheritance, as no express trust was declared at the time of the re-conveyance. *Nicoll* v. *Miller,* 37 Ill. 387; *Nicoll* v. *Mason, supra.*

On January 17, 1894, Hiram B. Odell died intestate and the Chicago Title and Trust Company was appointed administrator of his estate. The deceased left surviving him Alice R. Odell, his widow, and Nina Irene Odell, his daughter and only heir-at-law. On March 4, 1893, Odell executed a certain assignment to Andrew Rehm, conveying all his right, title and interest in said real estate to secure an in-

debtedness due said Rehm from Odell for more than $2000.
Rehm died on November 11, 1898, testate, leaving him sur-
viving Mary Rehm, his widow, and Arthur, Alice, Leonard,
Walter and Franklin A. Rehm as his children and heirs-at-
law, and letters testamentary were issued to Arthur Rehm
and Mary Rehm. On September 7, 1901, Arthur Rehm
and Mary Rehm, individually and as executors and trus-
tees under the will of Andrew Rehm, deceased, filed a bill
in the circuit court of Cook county against Henry Scherer,
individually and as trustee, and C. C. Gantzer and others,
being the original contributors aforesaid or their grantees,
for the partition of the said premises, blocks 3 and 4 of
Kaufman & Stephens' addition to Oak Park, and set out
the interests of all the parties to the bill in said real estate.
John B. Dicus filed an intervening petition, claiming to own
an undivided one-sixth interest therein as grantee of Charles
C. Gantzer and wife, and to have a lien on the interests
of Alice R. and Nina Irene Odell for taxes paid on their
interests, they being parties defendant to the bill. The
court, on hearing, found and decreed that the title in said
premises, said blocks 3 and 4, was vested in Henry Scherer,
trustee, in fee simple absolute; that he holds the same as
trustee for the following persons and in the following pro-
portions, to-wit: Henry Scherer, individually, two-sixths;
John B. Dicus one-sixth; George Rehm and William H.
Peters, jointly, one-sixth; John C. Kolberg one-sixth;
Mary Rehm an undivided one-twelfth until the majority of
Franklin A. Rehm and then one-third of said one-twelfth,
the remaining two-thirds of said one-twelfth to be divided
among the heirs-at-law of Andrew Rehm, deceased, nam-
ing them; Alice R. Odell one-third of an undivided one-
twelfth and Nina Irene Odell two-thirds of an undivided
one-twelfth; · that the interests of said Odells is subject·
to liens of Henry Scherer for $124.56, John B. Dicus
for $62.27, John C. Kolberg for $62.27, George Rehm and
W. H. Peters for $62.27, and Arthur D. Rehm and Mary

Rehm, executors, for $31.15; that subject to the foregoing liens on the interests of said Odells, Arthur D. Rehm and Mary Rehm, as executors, had a lien thereon for the sum of $2329.74, the last amount being the amount owed by Hiram B. Odell to Andrew Rehm and secured as aforesaid. Division and partition of said premises were ordered by the court, and the commissioners appointed for that purpose set off to John B. Dicus for his share lots 1 to 8, inclusive, and lots 41 to 48, inclusive, in block 3, and lots 20 to 22, inclusive, in block 4, of said addition; to Alice R. Odell lots 30 to 32, in block 4, of said addition, and to Nina Irene Odell lots 17, 18, 20, 21 and 31, in block 1. They also assigned other lots to Henry Scherer and the other owners as their shares in said lots. On special execution awarded by the chancellor in said cause the lots assigned by the commissioners to Nina Irene Odell and Alice R. Odell were advertised and sold by the sheriff of said county to pay said liens thereon, and the same not being redeemed according to law, said sheriff executed his deed to John B. Dicus to said lots, which was recorded October 11, 1904.

The record shows that in a foreclosure proceeding instituted in the circuit court of Cook county by Gale Blocki against John B. Dicus and wife, Bertha M. Dicus, on a mortgage given by them to Blocki to secure the sum of $1500, by order of the court therein all interest of Dicus and wife in lots 1 to 6, inclusive, and lots 43 and 44, in block 3, and lots 20 to 22, inclusive, and lots 30 to 32, inclusive, in block 4, in said addition, was sold at master's sale, and on failure to redeem therefrom a master's deed was executed to appellant, Harold W. Jeffery, for said lots. The master's deed aforesaid was duly recorded in said county July 10, 1910. Upon the foregoing facts appellant bases his claim of title in fee simple to the lots described in the said master's deed.

Appellee, A. G. Dicus, bases his claim of title upon the following facts appearing in the record in addition to the

facts already recited: On November 27, 1896, the Chicago
Title and Trust Company, as administrator of Odell's es-
tate, filed an inventory which showed that the deceased,
Odell, left no personal property. The administrator inven-
toried, however, said blocks 3 and 4 in Kaufman & Ste-
phens' addition to Oak Park, with the statement that there
was a suit pending in the circuit court of Cook county to
determine whether the interest of said estate in said lots
was real or personal property. Said inventory further re-
cited·that the title to said lands was originally vested in
Henry Scherer and Andrew Rehm under a warranty deed
from Thomas S. Howland and wife dated November 1,
1889, and subject to a trust deed of the same date from
Scherer and Rehm to L. O. Goddard, trustee, recorded No-
vember 27, 1889. The appellee's evidence next discloses a
quit-claim deed from Arthur D. Rehm and wife to Andrew
Rehm and Henry Scherer, trustees, conveying to them cer-
tain lots in blocks 1 and 2 in Kaufman & Stephens' addi-
tion, dated April 26, 1898, in none of which lots appellee
claims to have any interest by his bill and concerning which
no relief is prayed. Proof was then made of an order of
the probate court of Cook county dated September 8, 1902,
giving leave to the administrator of Odell's estate to accept
$50 in full for the interest of the deceased in and to said
real estate inventoried. Pursuant to said order is shown a
bill of sale of said administrator conveying and delivering
to Oscar C. Anderson all right, title and interest of Hi-
ram B. Odell in and to an undivided five-sixtieths interest
in the land described in the deed of Howland and wife to
Scherer and Rehm, trustees, which deed has already been
referred to in this opinion. A bill of sale was next intro-
duced, dated March 19, 1902, executed by Oscar C. Ander-
son to appellee, purporting to convey and deliver to him
all right, title and interest in and to the property described
in said bill of sale of said administrator to Anderson.

We cannot assent to the claim of appellee that the interest of Odell in said lots was an interest in personalty at the time of his death or at the time it was sold by the administrator. When the trustees conveyed the real estate to Kaufman and Stephens the trust under the original declaration was ended. When the property was conveyed back to Scherer and Rehm, two of the original contributors, although they were described in the deed as trustees and without declaring any specific trust, a naked trust was created vesting the legal title in the grantees to hold simply for the use of the *cestuis que trust*. The decree of the circuit court in partition recognized this fact and declared the interests of the *cestuis que trust* in said lands as interests in real property and decreed partition. The decree in partition was made in a suit begun before the proceedings were instituted in the probate court to sell it as personalty. The circuit court properly entertained jurisdiction of the subject matter in the partition suit and of the parties to enforce the liens acquired against Odell in his lifetime and to partition the land.

The administrator of Odell's estate was not made a party to the partition proceedings, and it is argued by appellee that for that reason the partition proceedings are not binding on the administrator and the appellee. An administrator or executor is not a necessary party to a bill for partition of real estate. Particularly is this true where it does not appear that the personal property of the deceased is insufficient to pay the debts of the deceased. (*Stollard v. Nycum*, 240 Ill. 472.) There is no showing anywhere in this record that the estate of Odell, deceased, was indebted to anyone except for those debts recited in the partition decree, and which were liens on his share of the real estate and were properly foreclosed in that suit. The record further shows that Odell's interest in the real estate was not sufficient to satisfy those liens, the lots assigned to his widow and heir being sold by the sheriff to John B. Di-

cus for less than the amount of the liens thereon as found by the circuit court. There can be no question that all parties to the partition suit are bound by the decree, including the widow and heir of Hiram B. Odell, deceased. The rights of creditors of said deceased were not involved in the partition proceedings other than those therein named, and they were parties thereto and had all their claims adjusted and settled in so far as the interest of the deceased in the premises was adequate. Both parties to this suit claim from a common source of title, Thomas S. Howland, and appellant has proven a complete chain of title from the common source to himself, thereby establishing a complete defense to appellee's bill.

Appellee failed to prove any title whatever in himself. An administrator or an executor cannot sell and pass title to the real estate owned by the deceased at the time of his death except in the mode pointed out by statute. The statute gives him no power or right to petition for the sale of the real estate of the deceased except for the payment of the debts of the deceased when the personal property is insufficient to pay the debts. All the heirs of the deceased must be made parties defendant and duly served by process before a valid decree for the sale of real estate may be had. (*Heppe* v. *Szczepanski,* 209 Ill. 88.) The heirs of Odell were not made parties to the proceeding by the administrator in the county court to sell real estate. The proceeding was not, in fact, a proceeding to sell the land to pay the debts of the deceased. The land was treated as mere personal property and sold by the administrator under the order of the court as personal property and a bill of sale executed to the purchaser instead of a deed. Neither of the bills of sale was recorded in the recorder's office of Cook county, and there is no proof in this record that appellant ever had any notice of the existence of such bills of sale until this suit was filed. So far as this record shows, the record of the probate court does not disclose that any sale

of the deceased's interest in said land was ever made or attempted to be made. The record therefore shows that appellant is not only an innocent purchaser for value, without any notice of the claim of appellee, but that the order of the probate court in question was absolutely void and that the said bills of sale conveyed no title or interest whatever in the said lots to appellee.

The decree of the circuit court, for the foregoing reasons, is reversed and the cause remanded, with directions to dismiss complainant's bill for want of equity.

*Reversed and remanded, with directions.*

(No. 11062.—Reversed and remanded.)
MARTHA WINGFIELD *et al.* Appellees, *vs.* LAURA E. EDWARDS, Appellant.

*Opinion filed February 21, 1917.*