(No. 25356.— )

THE ILLINOIS NATIONAL OIL AND GAS COMPANY, Appellee,
vs. H. K. SINCLAIR, Appellant.

*Opinion filed April 10, 1940—Rehearing denied June 5, 1940.*

LEONARD & LEONARD, (ERNEST E. FREEMAN, JR., and
GORDON McLEISH LEONARD, of counsel,) for appellant.

JONES, GRANT, SEBAT & TURNER, (JOHN E. SEBAT, of
counsel,) for appellee.

Mr. JUSTICE SHAW delivered the opinion of the court:

This is an appeal from a decree of the circuit court of
Marion county construing a deed from the Illinois National
Oil and Gas Company to Edward L. Dee and ordering the
claim of appellant to be removed as a cloud upon the title
of the plaintiff. The cause is before us on direct appeal,
a freehold being involved.

On February 1, 1937, appellee entered into a contract
with Edward L. Dee according to which the appellee agreed
to assign to Dee three-fourths of the working interest in
and to certain oil and gas leases on certain described prem-
ises. In consideration of the assignment of the leases,
Dee was to carry the appellee for a one-fourth overriding
royalty on the seven-eighths working interest in all wells
drilled on the leases. This agreement was filed for record

February 11, 1937. Subsequently, on February 27, 1937, appellee conveyed to Dee a three-fourths working interest in these certain oil and gas leases, the assignment being made subject to the contract executed February 1, 1937. A similar conveyance to Dee was made on April 9, 1937, by the appellee, which also conveyed a three-fourths working interest in and to the certain oil and gas leases. Dee then made an assignment on December 10, 1937, of his interest in the oil and gas leases referred to. This assignee then assigned his interest in the leases to the appellant, H. K. Sinclair.

Appellee commenced this action in equity to construe the deed made to Dee, to determine what interest the appellee still retained in its oil lease and to remove the claim of Sinclair as a cloud upon its title. The issue involves the ownership of six sixty-fourths of the oil and gas produced under the leases concerned. The appellee contends that it is entitled to seven sixty-fourths of all the oil and gas produced on the leased lands, while appellant, admitting that appellee is entitled to one-sixty-fourth of the oil and gas produced, maintains that the remaining six sixty-fourths should rightfully belong to him. The circuit court found that the appellee had conveyed three-quarters of seven-eighths of the entire oil and gas produced under the leases, and not three-quarters of all the oil and gas produced as was claimed by appellant; that appellee's interest is seven sixty-fourths of all the oil and gas produced.

Appellant contends that the assignment of a three-fourths working interest in fact conveys a three-fourths interest of the entire oil and gas produced. The only question before us is what is meant by a three-fourths working interest. In the oil industry it appears that the words "working interest" have come to have an accepted meaning, namely, that an assignment of a three-fourths working interest means the assigning of three-fourths of the portion of the oil and gas that may be produced from the premises

after the royalty for the share paid to the landlord is first deducted. In *Robinson* v. *Johnson,* 119 Kan. 607, 207 Pac. 907, the court there described a working interest as being the interest of the lessee under an oil and gas lease after the royalty has been deducted.

The record indicates that this is the generally accepted meaning of the term and the circuit court did not err in so interpreting it. The decree of that court is affirmed.

*Decree affirmed.*