(No. 26789.—

HARRY J. ALWARD, Appellant, *vs.* O. C. BORAH *et al.*, Appellees.

*Opinion filed November 18, 1942.*

J. L. MCLAUGHLIN, and U. G. WARD, for appellant.

ROBERT I. DOVE, L. ALLAN WATT, and JOHN J. BAKER, for appellees.

Mr. JUSTICE GUNN delivered the opinion of the court:

Plaintiff, Harry J. Alward, filed a complaint in equity to have declared null and void and canceled of record three mineral deeds to appellees, claimed to be clouds upon the title of real estate owned by plaintiff. Upon a hearing the circuit court of Shelby county dismissed the complaint for want of equity. Inasmuch as a freehold is involved we have jurisdiction upon direct appeal. *Triger* v. *Carter Oil Co.*, 372 Ill. 182.

The facts are stipulated. Alice Deere died December 17, 1936, and left her surviving three adult children, *viz.*, Moses S. Deere, Etta E. Dagen and Ollie A. Page, who were the sole devisees of her property. Alice Deere died seized of 240 acres of land, upon which there was a mortgage indebtedness of $4400. April 21, 1937, the devisees of Alice Deere and their spouses executed and delivered to O. C. Borah a mineral deed to an undivided one-half interest in the oil and gas in and under the said 240 acres of land, which was recorded April 29, 1937. April 26, 1937, O. C. Borah and wife conveyed an undivided one-fourth interest in the same property he had acquired by deed of April 21, 1937, to L. C. Blackburn, which was likewise recorded April 29, 1937. September 18, 1937, Etta E. Dagen and her husband conveyed to Merle J. Dagen an undivided one-third interest in the mineral rights under said 240 acres of land, which deed was recorded September 22, 1937.

The county court of Shelby county, upon the petition of the executor, entered a decree on December 23, 1937, to sell the real estate of Alice Deere, deceased, subject to the mortgage indebtedness, for the purpose of paying the debts of the deceased and the costs of administration. The executor filed a report of sale, showing appellant was the purchaser, and upon approval of such report, the executor executed and delivered a deed to appellant for the real estate described in the complaint, conveying the interest of Alice Deere, deceased, to appellant.

It is conceded appellees were not made parties to said proceeding to sell real estate, and no process of any kind was 'served upon them. Appellant takes the position that an heir or devisee cannot sell or mortgage his interest in land to the prejudice of creditors of the ancestor, and, without directly so asserting, takes the position that persons who acquire the interests of such heirs are bound by a decree making such heirs or devisees parties, without being made parties themselves.

The proceedings are governed by the statute in effect prior to the adoption of the Probate Act of 1940. The statute in force at that time provided in proceedings for the sale of real estate who should be made parties thereto in the following language: "The widow, heirs and devisees of the testator or intestate, and the guardians of any such as are minors, and the conservator of such as have conservators, and all persons holding liens against the real estate described in the petition, or any part thereof, or having or claiming any interest therein in possession or otherwise shall be made parties." Ill. Rev. Stat. 1937, chap. 3, par. 100, sec. 99.

It is elementary that the heirs or devisees of real estate take title thereto subject to the demands, debts or claims legally filed and allowed against the estate, and may sell and convey their interests without hinderance. (*Anderson* v. *Shepard,* 285 Ill. 544; *Noe* v. *Moutray,* 170 id. 169; *Burr* v. *Bloemer,* 174 id. 638.) The executor, unless granted an estate by the will, has no control or concern with the real estate of the deceased, except a power to subject it to sale for the payment of debts in the manner provided by the statute. *Burr* v. *Bloemer, supra; LeMoyne* v. *Harding,* 132 Ill. 23.

It is a matter of common knowledge that some estates are not settled for many years, and third parties may acquire interests in the real estate passing to the heir. It is also well known that where an estate is devised by will,

rights of third parties may·be acquired by judgment or otherwise, even though it be subject to the demands of creditors of decedent. When, however, the administrator or executor undertakes to exercise his power of sale in the manner provided by statute, the latter requires that all persons having an interest therein shall be made parties. If ·the appellees in this case had been made parties they would have had an opportunity to protect their rights by becoming bidders at the sale, but having no notice they necessarily are not bound.

The mineral deeds of appellees were on record, and appellant, as purchaser of the premises, was bound to examine the title and ascertain what he was getting through the deed of the executor. (*Leininger* v. *Reichle,* 317 Ill. 625; *Shup* v. *Calvert,* 174 id. 500.) Appellees, as owners of record of an interest in the real estate involved, were entitled to notice of the proceeding. In the early case of *Botsford* v. *O'Conner,* 57 Ill. 72, we said: "It is a principle that lies at the foundation of all jurisprudence in civilized countries, that a person must have an opportunity of being heard, before a court can deprive such person of his rights. To proceed upon any other rule, would shock the sense of justice entertained by mankind, would work great wrong and injustice, and render the administration of justice a mere form. Until a person is made a party to a suit, and is afforded a reasonable opportunity of being heard in defense of his rights, a court has no power to divest him of a vested right." So far as we know, we have never departed from this rule, but have reaffirmed it many times. *Leininger* v. *Reichle, supra; Heppe* v. *Szczepanski,* 209 Ill. 88.

Appellant cites a number of cases to the effect that an heir or devisee cannot sell or mortgage his interest in land to the prejudice of the ancestor's creditors, and that .the executor has the authority to sell the entire interest of the deceased under the statute. There can be no doubt about either legal proposition advanced, but this does not dis-

pose of the requirement that the interested parties must be brought before the court in such a proceeding. No one, we presume, would claim that an heir would be foreclosed of his right in his ancestor's property by such a proceeding unless he be made a party, (*Burr* v. *Bloemer, supra,*) and since the statute expressly provides that not only heirs, but also all persons holding liens or having or claiming any interest, in possession or otherwise, must be made parties to such a proceeding, it necessarily follows that before grantees of an heir or devisee may be deprived of their rights in a proceeding under the statute to pay debts, they must have had their day in court.

In every case cited by appellant, while general language was used, an examination of the case shows that service of process was had upon the interested parties, and no single case cited holds that a person acquiring an interest from an heir or devisee may be deprived of his rights in a proceeding by the administrator or executor to sell property to pay debts without being made a party and served with process, as required by the statute or law then in effect.

It follows that the proceeding of the executor in the present case against the appellees was without any force or effect whatever. (*Burr* v. *Bloemer, supra; Leininger* v. *Reichle, supra.*) Appellees raise some question as to the validity of the sale and the jurisdiction of the court to enter a decree of sale. Since appellees were not parties to the proceeding it is not necessary to consider this point, as it is immaterial to appellees whether the proceeding was regular or irregular. They were not parties thereto, and are not bound thereby.

The decree of the circuit court of Shelby county is affirmed.

*Decree affirmed.*