(No. 33021.—

R. I. FRY *et al.,* Appellees, *vs.* FARM BUREAU OIL Co. *et al.,* Appellants.

*Opinion filed May 24, 1954.*

RICE & CHEATHAM, of Evansville, Indiana, for appellants.

WILLIAM D. SOUTH, and KERN & PEARCE, both of Carmi, for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

Appellees, hereinafter called plaintiffs, filed a complaint in the circuit court of Edwards County seeking a determination and declaration of the rights, title and interest of the parties hereto, under an oil-and-gas lease, an assignment of the lease, and a reservation of an overriding royalty interest in the assignment. The chief controversy between the parties is the extent of the overriding royalty interest reserved by R. I. Fry, one of the plaintiffs, under the terms of the assignment. The complaint alleges and the plaintiffs contend that said assignment reserved to the plaintiff Fry an overriding royalty interest in $\frac{3}{64}$ths of the $\frac{7}{8}$ths working interest under the lease. The defendants contend that the said assignment reserved to Fry only $\frac{3}{4}$ths of $\frac{3}{64}$ths of the $\frac{7}{8}$ths of the working interest under the lease. The $\frac{7}{8}$ths working interest referred to is that portion of the oil and gas produced from the premises after the royalty for the share paid the lessor under the lease is deducted. The working interest has been held by this court to be a freehold interest. (*Illinois National Oil and Gas Co.* v. *Sinclair,* 373 Ill. 581; *Triger* v. *Carter Oil Co.* 372 Ill. 182.) It is clear, therefore, that a freehold is involved in the proceeding here and that this court has jurisdiction by direct appeal. On hearing, the chancellor ·found the interest of the plaintiff Fry to be as set forth in the complaint and granted the relief prayed.

The facts are not in dispute. The inferences to be drawn from the facts, however, are the basis of contention between the parties. R. W. Curtis owned real estate in

Edwards County, Illinois. Sometime prior to May 20, 1950, he conveyed an undivided one-fourth interest in the oil and gas and other minerals under said premises to certain grantees not concerned with this proceeding.

On May 20, 1950, R. I. Fry acquired an oil-and-gas lease covering and including all of said real estate from Curtis and his wife. The usual lessor royalty was reserved and the lease contained a "lesser interest clause" which reads as follows: "If said lessor owns a less interest in the above described land than the entire and undivided fee simple estate therein, then the royalties herein provided for shall be paid to said lessor only in the proportion which lessors' interest bears to the whole and undivided fee."

On October 7, 1950, Fry assigned said oil-and-gas lease to Jack Hinkle doing business as Jack Hinkle Drilling Company. The assignee was represented in the negotiations for the assignment by one D. G. Lieberknecht as agent. The record indicated that both Fry and Lieberknecht are familiar with the oil-and-gas business, each having been engaged therein for many years.

The assignment was made using a printed form. Two clauses were inserted in the printed form—one dealing with a reservation of royalty interest to Fry which read as follows: "The assignor hereby reserves unto himself a Three-sixty-fourths ($\frac{3}{64}$ths) over-riding royalty out of the Seven-eights ($\frac{7}{8}$ths) working interest."

The other clause inserted in the printed form of assignment dealt with the warranties of the assignor and read as follows: "It is distinctly understood that assignor does not warrant this Title."

The evidence indicates that the assignment was prepared and the clauses inserted by Lieberknecht, agent for the assignee.

Subsequently Fry assigned $\frac{1}{64}$th of his reserved $\frac{3}{64}$ths overriding royalty of the $\frac{7}{8}$ths working interest to Cecil

and Mary Webb, husband and wife, also plaintiff-appellees in this proceeding.

On November 10, 1950, an oil-and-gas well on the real estate involved in this proceeding was brought in as a producer. The oil was sold to the Farm Bureau Oil Company, a pipe-line purchaser. A division order prepared by the purchaser was presented to Fry and Webb for signature by Lieberknecht who was still, apparently, an agent for the assignee. The division order declared the interest of Fry to be $\frac{2}{64}$ths of the $\frac{7}{8}$ths working interest as a free and overriding royalty and that of the Webbs, Cecil and Mary jointly, to be $\frac{1}{64}$ of the $\frac{7}{8}$ths working interest also as a free and overriding royalty. Because Cecil Webb desired his interest to be payable only to himself and not jointly with his wife, a second division order was requested notwithstanding the fact that all parties had signed the original division order.

The second division order was prepared and was represented by Lieberknecht to be identical with the first except that the Webbs' check would be payable only to Cecil Webb. The interests of Fry and the Webbs in the second division order, in fact, were reduced by one fourth. Their total interest was represented as $\frac{3}{4}$ths of $\frac{3}{64}$ths of the $\frac{7}{8}$ths working interest as a free and overriding royalty. This reduction of their interest was discovered on the receipt of the first check from the Farm Bureau Oil Company.

When Fry obtained the oil-and-gas lease from Curtis he acquired a lease that did not include an undivided $\frac{1}{4}$th interest in the oil and gas and other minerals. The lessor had, by a mineral conveyance, previously divested himself of this fractional portion of the mineral estate. The lesser interest clause would therefore operate to reduce the lessor's royalty to an amount commensurate with his ownership. Here the reduction of the lessor's interest amounts to one fourth.

The lesser interest clause, while it operates to reduce the royalty of the lessor if he owns less than all the minerals, has no application as between the lessee and his assignee. (*Walter* v. *Sohio Petroleum Co.* 402 Ill. 33.) The lesser interest clause is in the lease—not in the assignment, and its application is concerned with a lease by a person who owns less than the entire fee. As to the assignment, however, the consideration is recited in the assignment—in this case a $\frac{3}{64}$ths overriding royalty out of the $\frac{7}{8}$ths working interest.

The evidence is clear, as the court below found, that Lieberknecht, as agent for the assignee, knew that the lessor had, prior to the making of the lease, conveyed $\frac{1}{4}$th of the mineral estate to other parties. Fry testified that at the time of the preparation of the assignment to the defendant Hinkle he advised Lieberknecht of the outstanding $\frac{1}{4}$th mineral interest. The testimony of Lieberknecht discloses that he at first denied this, but later in the testimony there was a discussion as to who owned the outstanding interest between Fry and himself. He knew therefrom that the lease, if assigned, could not cover this fractional interest. Notwithstanding this, the reservation of the overriding royalty contained in the assignment was measured by a fractional portion of the working interest. Inasmuch as we have held herein that the lesser interest clause referred to herein by the appellant has no application as between the lessee and his assignee, the assignor here, namely plaintiff Fry, after said assignment was entitled to receive $\frac{3}{64}$ths of $\frac{7}{8}$th working interest of the lessee, as the language of the assignment clearly states.

The reservation of an overriding royalty in an assignment is a qualification upon that which is assigned. (*Harley* v. *Magnolia Petroleum Co.* 378 Ill. 19; *Walter* v. *Sohio Petroleum Co.* 402 Ill. 33.) In this case both the assignor and the agent for the assignee were experienced oil men. They are familiar with the meaning of the terms

used in the negotiation of and in instruments applicable to oil-and-gas production. The term "overriding royalty" is a common term used in the oil industry and each was bound to know what was meant by that term. (*Walter* v. *Sohio Petroleum Co.* 402 Ill. 33.) The court below in declaring the interest of the parties followed the language of the assignment and declared their interest to be as is hereinabove indicated.

This finding and declaration is correct. The decree of the circuit court of Edwards County is affirmed.

*Decree affirmed.*