*In re* ESTATE OF ORA B. DAY, Deceased (Leonard D. Scott, Petitioner-Appellant, v. Estate of Ora B. Day, Deceased, Appellee).—LEONARD D. SCOTT, Plaintiff-Appellant, v. ROSEMARY CLEAVER *et al.*, Ex'rs of the Estate of Ora B. Day, Deceased, Defendants-Appellees.

Third District   Nos. 3—93—0821, 3—93—0822 cons.

Opinion filed May 27, 1994.

Kehr, Cassidy & Mueller, P.C., of Chillicothe (Andrew D. Cassidy, of counsel), for appellant.

Barnes & Barnes, of Lacon (Elizabeth A. Beck, of counsel), for appellee Rosemary Cleaver.

Costigan & Wollrab, P.C., of Bloomington (William S. Bach and Todd E. Bugg, of counsel), for appellee Marie Clark.

JUSTICE LYTTON delivered the opinion of the court:

In this case, we are asked to decide whether a contract purchaser of real estate from a decedent's estate is a person having an interest in the real estate within section 20—5(b) of the Probate Act of 1975 (755 ILCS 5/20—5(b) (West 1992)). We hold that the purchaser does come within the statute and should be made a defendant in the proceeding for court approval of the sale.

Rosemary Cleaver and Marie Clark were the sisters and only heirs of decedent Ora B. Day. They entered into a real estate contract where, as sellers, they agreed to sell decedent's five-room home and approximately 20 acres of land in rural Marshall County to Leonard Scott (buyer) for $34,900. The contract identified both Cleaver and Clark as executors of the estate of Ora B. Day but, in fact, decedent died without a will, and Cleaver was administrator of his estate. The contract included the following provision:

"This Contract is contingent upon the court approval of the Estate of ORA B. DAY, Deceased, to sell said real estate."

Thereafter, in May of 1993, the sellers obtained an appraisal of the property estimating the fair market value to be $53,900. This appraisal was based primarily upon two comparable sales and described the parcel as consisting of 59.30 acres. Earlier the inventory filed in the probate proceeding listed the value of the real estate as $33,300 and described the property as consisting of approximately 20 acres.

Buyer filed a complaint for specific performance of the contract in chancery on June 3, 1993, and on July 28, 1993, Cleaver filed a petition to sell the real estate in probate. Paragraph six of the petition states:

"6. The nature and extent of all liens and other interests, if any, on the real estate, known to me, are: Complaint for Specific Performance was filed by Leonard D. Scott, Plaintiff in Marshall County Circuit Court, case No. 93—CH—07."

A hearing on the petition to sell was set for August 31, 1993, and notice was sent to both the attorney for Clark and the attorney for buyer. The record shows that Clark filed an entry of appearance and an objection to the petition to sell, asserting that the sales price was less than 65% of the fair market value of the property. After hearing evidence and arguments of counsel, the trial court denied the petition to sell. Buyer later filed a petition to vacate the order and for rehearing, alleging that he should have been made a party defendant under section 20—5 of the Probate Act. The petition indicated that the buyer's attorney had appeared at the August 31 hearing to object to Clark's opposition to the petition but was not allowed to partici-

pate in the proceeding. The trial court denied the petition to vacate and expressly found that buyer was not an interested person.

After the petition to sell was denied, Cleaver filed a motion to dismiss the complaint for specific performance on the ground that sellers could not perform the contract since the probate court had refused to approve the sale. The trial court granted Cleaver's motion to dismiss with prejudice and later denied buyer's subsequent motion to reconsider. Buyer appealed from the order denying his petition to vacate and the dismissal of his complaint for specific performance. This court has consolidated the two cases for consideration on appeal.

■ We conclude that the circuit court of Marshall County erred in refusing to allow buyer's motion to vacate the order denying the petition to sell the real estate. Section 20—5 of the Probate Act prescribes the procedure for sale of a decedent's real estate. The representative of the estate must file a petition in the probate proceeding describing the real estate, any liens and other interests, and attaching a copy of the proposed contract of sale. The relevant part of section 20—5(b) is as follows:

> "(b) All persons holding liens against or having an interest in the real estate *** described in the petition, in possession or otherwise, whose rights are sought to be affected by the order, *** shall be made parties defendant." 755 ILCS 5/20—5(b) (West 1992).

The sellers argue that only persons having an existing interest in real estate prior to the time the contract was executed have been held to be necessary defendants. (*E.g.*, *Alward v. Borah* (1942), 381 Ill. 134, 44 N.E.2d 865 (owners of underlying mineral rights); *Dicus v. Scherer* (1917), 277 Ill. 168, 115 N.E.161 (heirs of decedent); *Marshall v. Rose* (1877), 86 Ill. 374 (devisees of decedent).) However, we do not read the statute so narrowly, and we have not found any cases construing the language of this statute to either include or exclude contract purchasers as persons having an interest in the real estate sought to be sold. Our interpretation of the plain language of this provision is to include a contract purchaser as a person "having an interest in the real estate *** whose rights are sought to be affected by the order" approving or disapproving the sale.

If the legislature had intended to limit necessary party defendants under section 20—5 to persons with preexisting or vested interests in real estate, such language could easily have been added. An earlier version of section 20—5 required that all persons having an interest in the real estate, "inchoate or otherwise," be made parties defendant. The word "inchoate" was deleted in a 1941 amendment and the clause "whose rights are sought to be affected by the decree" was added. (Ill. Ann. Stat., ch. 110¹/₂, Appendix—Prior Probate Laws,

§ 230, Historical Note, at 444 (Smith-Hurd 1978).) By stating that all persons whose rights would be affected by the order to sell must be made defendants, the legislature adopted language sufficiently broad to include the purchaser under a contract of sale.

As a party defendant in the proceeding to approve the sale of the real estate, buyer could argue that Clark, as a seller under the contract, is estopped from opposing the sale. (See *Barrows v. Maco, Inc.* (1981), 94 Ill. App. 3d 959, 966-67, 419 N.E.2d 634, 639.) In addition, buyer would be able to challenge the credibility of the appraisal, particularly since the appraisal purports to be for a 59.30-acre tract while the contract of sale is for a 20-acre parcel. Buyer is entitled to have an opportunity to be heard before a court can deprive him of his rights. See *Alward v. Borah*, 381 Ill. at 137.

■ Clark argues that we should affirm the trial court's rulings because buyer failed to provide a report of proceedings for the probate hearing and, therefore, we must assume that the trial court had a sufficient factual basis for its denial of the petition. (See *Foutch v. O'Bryant* (1984), 99 Ill. 2d 389, 391-92, 459 N.E.2d 958, 959.) We do not agree. Our reversal of the probate order does not turn on the sufficiency of the evidence, but on the exclusion of a party who was necessary to the proceeding as a matter of law. The absence of a report of proceedings or bystander's report has no impact on the question of law at issue here.

■ When we reverse the probate order, we must also reverse the dismissal of Scott's complaint for specific performance. The dismissal order was based solely upon the previous denial of the petition to sell. Both causes must be reopened for further proceedings consistent with this decision. We emphasize that our ruling affects only buyer's right to be heard, *not* the substantive question of the propriety of the proposed sale. That issue must be decided by the trial court after hearing the evidence offered by all parties to the hearing.

For the reasons stated, we reverse the order denying Cleaver's petition to sell real estate and the order dismissing Scott's complaint for specific performance of the contract, and we remand both causes to the circuit court of Marshall County for further proceedings.

Reversed and remanded.

BARRY and McCUSKEY, JJ., concur.